JONES, Justice.
This is an appeal from an order entered by the Disciplinary Board of the Alabama State Bar disbarring Appellant David E. Worley, a practicing lawyer. Among the charges filed by the Huntsville-Madison County Bar Association — the basis of the disbarment order — is the charge of violating Disciplinary Rule 1-102(A)(4), which rule states:
“A lawyer shall not:

“(4) Engage in conduct involving dishonesty. ...”
The scope of review to which this Court must adhere in these cases was settled in Hunt v. Disciplinary Board of the Alabama State Bar, 381 So.2d 52 (Ala.1980):
“Under the present rules of disciplinary enforcement, where the members oí the Disciplinary Board hear the evidence and observe the demeanor of the witnesses, the Supreme Court, on review, will presume that the Board’s decision on the facts is correct; and the disciplinary order will be affirmed unless the decision on the facts is unsupported by clear and convincing evidence, or the order misapplies the law to the facts.”
Hunt at 54.
Applying this standard, then, we must determine whether the evidence of record (which includes both written and oral testimony) and the reasonable inferences to be drawn therefrom, clearly and convincingly support the Disciplinary Board’s findings of fact, the ultimate determination of Appellant’s guilt, and the sentence of disbarment. We hold that it does; and we affirm.
Specifically, Appellant was charged with the false witnessing of signatures on an instrument purporting to convey shares of stock in B.B.R. Motor Sales, Inc., a small used car dealership owned jointly by Ned Bedsole, his son Maurice, and Robert Reynolds. Ned Bedsole, who, according to the terms of the instrument, had conveyed his stock in the company to Robert Reynolds, filed a complaint with the Huntsville-Madison County Bar Association claiming that he had never signed the stock transfer in question and alleging misconduct on the part of the Appellant.
At the hearing before the Disciplinary Board of the State Bar, the four-member panel heard the oral testimony of a variety of witnesses, including Ralph Hornsby, the lawyer retained by Ned Bedsole to investigate the matter of the alleged fraudulent stock transfer; Aubrey Lammons, the corporate lawyer for B.B.R. Motor Sales, Inc.; Maurice Bedsole; Jimmy Shelton, a former business associate of Ned Bedsole and the party from whom Robert Reynolds originally purchased his portion of B.B.R. Motor Sales, Inc. stock; Susan Dixon Perry, the former secretary of Appellant, who was present in Appellant’s office at the time of the alleged stock transfer’s execution; and *823 Appellant David Worley himself. The panel members had before them, in written form, the questioned stock transfer certificate, the deposition of handwriting expert Andrew Miller, the deposition of Robert Reynolds, who was unavailable for the hearing before the State Board, the deposition of Susan Dixon Perry, and the depositions of Ned Bedsole, who had died prior to the State Disciplinary Board’s hearing (all of which depositions were taken in preparation for the hearing before the Huntsville-Madison County Bar Association hearing), and a page from Appellant’s office telephone message book.
We can not say, under these circumstances whereby “... the members of the Disciplinary Board hearfd] the evidence and observe[d] the demeanor of the witnesses. . . ,” that the evidence received by the Board was insufficient to support a finding of Appellant’s guilt or the sentence of disbarment. Indeed, the allegation of the fraudulent witnessing of the stock transfer clearly states a violation of Disciplinary Rule 1 — 102(A)(4) and is amply sustained by the record before us under the Hunt standard of review.
We are compelled, then, to hold that the Disciplinary Board’s findings were supported by and based upon clear and convincing evidence and that the order of disbarment was the result of a proper application of the law to those findings and was not excessive.
In light of our holding that the gravamen of the charge as discussed herein correctly warranted the disbarment of Appellant, we need not address Appellant’s additional averments of error.
AFFIRMED.
TORBERT, C. J., and MADDOX, FAULKNER, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.