424 So.2d 1305 (1982)
Mayer W. PERLOFF
v.
DISCIPLINARY BOARD OF the ALABAMA STATE BAR.
80-916.
Supreme Court of Alabama.
December 10, 1982.
Rehearing Denied January 7, 1983.
Champ Lyons, Jr. of Coale, Helmsing, Lyons & Sims, Mobile, and James E. Clark of London, Yancey, Clark & Allen, Birmingham, for appellant.
John A. Yung IV, Asst. Gen. Counsel, Alabama State Bar, Montgomery, for appellee.
PER CURIAM.
This is an appeal from the Alabama State Bar Disciplinary Board's (Board) decision to disbar the appellant for unethical conduct with Saraland city councilmen during appellant's tenure as city attorney. We reverse and modify the Board's decision.
On appeal Perloff raises three issues: the Rules of Disciplinary Enforcement expanding the statute of limitations from three to six years are not retroactive, thereby barring count one of the complaint; the counsel for the bar made improper comments during the hearing, violating rules of procedure in a disciplinary hearing; and the Alabama Supreme Court has the authority to modify judgments on review of disbarment proceedings and should do so here because of mitigating circumstances.
*1306 The appellant was charged with unethical dealings with Saraland city officials on three separate occasions. Perloff's first cousin, Mayer Mitchell, is a principal of a large real estate development company. Mitchell was an extremely influential citizen of Mobile County and had raised the majority of the funds Perloff had used in various campaigns for public office. In late 1976, or early 1977, Perloff came to understand that Mitchell was attempting to get approval for sewer hookups from the Saraland city council. The council had refused Mitchell's requests. One of the councilmen approached Perloff and explained that if Mitchell paid the council, the applications would be approved. Mitchell refused to pay the council, but continued to pressure Perloff for the permits. Perloff took $2,700 in cash from his own safety deposit box and gave it to the council as a "political contribution." The permits were shortly thereafter issued. Mitchell later paid pledges to a charity for which Perloff was at least one year in arrears.
Perloff later worked on a municipal bond issue for the city of Saraland and his firm billed the city for a fee of $18,000. The same councilman involved with the sewer permits approached Perloff, who at the time was involved in a campaign for reelection to the Alabama senate, and reminded Perloff that he would need the council's support. In exchange Perloff would be required to split the $18,000 fee with the city council. Perloff paid over some $13,000 in cash to the city councilman, after receiving a check from the city for $18,000.
Perloff performed legal work involving condemnation of property for the City of Saraland. He billed Saraland $22,400 and was told by a city councilman the council wanted $7,500 of this fee. Perloff paid the councilman $7,500 in cash after receiving the fee from the city.
The F.B.I. conducted an investigation of the government of the City of Saraland under authority of the Hobbs Act, a federal statute enacted to enable the federal government to investigate and prosecute cases of corrupt city government. In 1979, the F.B.I. questioned Perloff regarding an unrelated "kickback" scheme. Perloff answered questions freely, but volunteered no information about his own involvement with the city council. The city councilman who had pressured Perloff was tried and convicted and became a witness for the United States in proceedings against other Saraland city officials. This councilman told the F.B.I. of two of the above "kickback" incidents involving Perloff. Perloff agreed to an interview with the F.B.I. after he had received a letter from the U.S. Attorney's office stating that Perloff was not a "target" of the investigation. During this interview Perloff told the F.B.I. of all three incidents. Perloff later testified in criminal proceedings against Saraland city officials.
The Mobile County Bar Association Grievance Committee preferred charges before the Disciplinary Board of the Alabama State Bar on October 22, 1980. The charge was broken down into three complaints (each having to do with one of the payments to the city council). Each complaint consisted of seven counts. On motion by defense counsel, four counts in complaint one, three counts in complaint two and three counts in complaint three were dismissed. The Board found Perloff guilty of the remaining charges and disbarment was imposed. Regarding the sewer permit episode, Perloff was found guilty of engaging in illegal conduct involving moral turpitude, engaging in conduct involving dishonesty, etc., and engaging in conduct that adversely reflected on fitness to practice law. In regard to complaints two and three, Perloff was found guilty of engaging in conduct involving moral turpitude, engaging in conduct involving dishonesty, etc., engaging in conduct adversely reflecting on fitness to practice law and dividing legal fees with a non-lawyer.
Perloff argues that complaint one was due to be dismissed as barred by the three year statute of limitations in existence at the time of commission of the offenses involving the sewer permits (1976 or 1977). His argument is to the effect that, absent a *1307 specific clause to the contrary, statutes of limitation do not act retroactively. In view of the action we take regarding Perloff's request for leniency, we pretermit a ruling on this question of the statute of limitations.
The last issue raised by the appellant is that the decision to disbar is too harsh because of appellant's age (55) and the past personal and professional accomplishments of appellant. Counsel for Perloff, in brief, summarize their argument:
"The purpose of this appeal is to apply to this Court for leniency rather than to obtain a new trial. This Court has inherent authority to temper justice with mercy in the review of disbarment proceedings."
Perloff has had a long and distinguished career in private practice and in the Alabama legislature and has devoted much time and energy to bar association projects such as the Alabama Rules of Civil Procedure and other measures which improved the administration of justice in Alabama.
We have reviewed the record and the evidence and find they do not warrant disbarment. Counsel for Perloff conclude their argument in brief by asking:
"We ask, in light of the circumstances of the transactions coupled with the respondent's exemplary past record of service to his country, his state and this bar, that this Court temper justice with mercy and modify the punishment to that of a suspension of a time period which the Court considers sufficient to meet the necessities of this particular case."
We consider an appropriate punishment in this case to be a suspension from the practice of law for a period of two years from the date Perloff surrendered his license to practice law, to wit: October 5, 1981.
REVERSED; ORDER OF DISCIPLINARY BOARD MODIFIED.
TORBERT, C.J., and FAULKNER, ALMON, SHORES and ADAMS, JJ., concur.
MADDOX, JONES and EMBRY, JJ., concur in part; dissent in part.
BEATTY, J., dissents.
MADDOX, Justice (concurring in part; dissenting in part).
I concur that the Board's decision to disbar Perloff should be reversed. I would make the suspension period three years, the time period Perloff would have to wait in order to request reinstatement after being disbarred.
JONES, J., concurs.
EMBRY, Justice (concurring in part; dissenting in part).
I concur that the Board's decision of disbarment should be reversed, but I would suspend Perloff for only one year from the date he surrendered his license to practice.
BEATTY, Justice (dissenting):
To the members of the legal profession: Welcome to the ethics of the marketplace (anything but anything goes).