G. Bennett Haynes, a Birmingham lawyer, appeals from an order of the Disciplinary Board of the Alabama State Bar suspending him from the practice of law for 120 days. We affirm.
The Grievance Committee of the Birmingham Bar Association filed formal disciplinary charges against Haynes on March 17, 1983. The Secretary of the Alabama State Bar caused a summons and copy of the charges to be served on Haynes.
The charges all rely upon the same facts, which were alleged in the complaint as follows:
 "1. At all times pertinent, the respondent attorney was licensed to practice law in the State of Alabama, and was practicing in Jefferson County, Alabama.
 "2. Within six years prior to the filing of these disciplinary charges, the respondent attorney was retained by Sandra Ort to represent her son, Tony Ort, pursuant to the written contract between respondent attorney and Sandra Ort. . . .
 "3. The respondent attorney, after entering into the above-mentioned contract, proceeded to file suit on behalf of the said Tony Ort on, to-wit: June 15, 1981, in United States District Court for the Middle District of Alabama, styled Anthony Kevin Ort v. R.G. Britton, etc., et al., civil action number 81-328-N.
 "4. On to-wit: January 13, 1982, the U.S. District Court for the Middle District of Alabama entered an order . . . directing that the Plaintiff in the above-mentioned civil suit show cause on or before January 28, 1982, as to why the suit should not be dismissed for want of prosecution.
 "5. The respondent attorney, who was still attorney of record for the Plaintiff, *Page 676 
Tony Ort, filed nothing in the United States District Court for the Middle District of Alabama in response to the said show cause order.
 "6. On, to-wit: February 9, 1982, the United States District Court for the Middle District of Alabama dismissed the above-mentioned Ort suit and taxed the costs against the Plaintiff. . . .
 "7. At no time prior to the dismissal of the above-mentioned Ort suit had the respondent attorney withdrawn, or filed a motion to withdraw, as attorney for the Plaintiff."
In addition to these facts, the truth of which Haynes admitted, there was evidence that Sandra Ort, on behalf of her son, Tony Ort, who was Haynes's client, had paid $800.00 to Haynes for attorney fees, pursuant to a retainer agreement. She also had given $60.00 to Haynes for the U.S. District Court filing fee. The complaint was filed, but no other pleadings or motions were ever prepared or filed. The complete U.S. District Court file was admitted into evidence. It revealed that service had never been attempted on the defendants, even though the court clerk notified Haynes of the proper addresses for service. It is undisputed that Haynes had actual knowledge of the show cause order and its contents and, in fact, was "expecting something like that." Subsequent to receiving the order, he told his former law partner and a Grievance Committee investigator that he would file a motion for an extension of time or respond to the order in some other appropriate manner. However, no response by motion or otherwise was made. Mrs. Ort testified that she spoke with Haynes, and he promised he would make an appearance in court and respond to the order. Haynes explained at the disciplinary hearing that he wanted to contact Sandra Ort before drafting his motion. He testified that he believed, despite the fact that the order required cause to be shown by January 28, 1982, that he had until February 11, 1982, to file his response. According to him, the secretary to the federal judge who issued the order told him that the judge would be out of the office, and no action would be taken until February 11, 1982. The order to dismiss was signed on February 9, 1982. No action was taken to reinstate the case. Haynes said that he did not have opportunity to speak with the Orts until about a month later and explain to them why the case had been dismissed.
Haynes admits that he was negligent in failing to attempt to reinstate the case in the interim, but contends that it would have been fruitless to do so because his client's parents were uncooperative. It is not clear whether Haynes ever discussed reinstating the case with Tony Ort personally. The inference from the evidence is that Haynes communicated with his parents only because Tony Ort was incarcerated.
Haynes's actions and omissions are alleged to be violations of the following disciplinary rules:
"DR 6-101 Failing to Act Competently.
 "(A) A lawyer shall not willfully neglect a legal matter entrusted to him.
". . . .
"DR 7-101 Representing a Client Zealously.
"(A) A lawyer shall not intentionally:
 "(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7-101 (B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.
 "(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-111, DR 5-102, and DR 5-105.
 "(3) Prejudice or damage his client during the course of the professional *Page 677 
relationship, except as required under DR 7-102 (B)."
Haynes filed a general denial of all charges. On June 24, 1983, the Board heard the matter and entered its order finding Haynes guilty on all charges, and ordered the suspension of 120 days.
Haynes asserts as error that there is no clear and convincing evidence of "willful neglect" under DR 6-101 (A), or of "intent" under DR 7-101 (A).
 "The scope of review applicable to this case is: Under the present rules of disciplinary enforcement, where the members of the Disciplinary Board hear the evidence and observe the demeanor of the witnesses, the Supreme Court, on review, will presume that the Board's decision on the facts is correct; and the disciplinary order will be affirmed unless the decision on the facts is unsupported by clear and convincing evidence, or the order misapplies the law to the facts."
Hunt v. Disciplinary Board of the Alabama State Bar,381 So.2d 52, 54 (Ala. 1980). See, also, Worley v. Disciplinary Board ofthe Alabama State Bar, 407 So.2d 822 (Ala. 1981).
The Board's order did not contain any findings of fact. We have read the entire record of the evidence and conclude that all reasonable inferences which can be drawn from it show that Haynes, with full knowledge that failure to respond to the show cause order would result in the dismissal of his client's case, did not file any motions, did not make any appearance, and did not take any action whatsoever to protect the case. He had no indication from his client, or his client's parents, that his client wanted to dismiss the case. Because Haynes failed to show cause, his client's suit, which sought to enforce an alleged constitutional right to receive medical treatment while incarcerated, was dismissed with prejudice. Haynes did not provide the representation which was promised in the retainer agreement, and he certainly failed to pursue the "lawful objective" of getting proper medical treatment for Tony Ort.
Haynes charges that, even if these facts are true, they do not constitute "willful neglect." He asserts that willful neglect requires "a conscious course of conduct with the specific intent and design to injure and damage Tony Ort." We disagree. In Hunt v. Disciplinary Board of the Alabama StateBar, supra, we said:
 "The law governing the lawyer-client relationship may be stated, in the context of the instant case and Disciplinary Rule 6-101 (A), Code of Professional Responsibility, as follows: Whenever a person consults a lawyer, advising him of the facts concerning a legal claim, and the lawyer agrees to `take the case,' and thereafter assures such person that he is handling the case and that it will be heard at a future date, a lawyer-client relationship is established; and the lawyer is guilty of wilfully neglecting a legal matter entrusted to him if he takes no action on client's behalf."
Hunt v. Disciplinary Board of the Alabama State Bar, 381 So.2d at 53-54. Hunt failed to file suit for his client after promising him that the case would be heard in court in the future. We affirmed the Board's decision that Hunt had violated DR 6-101 (A). There was no evidence that Hunt's actions were done with the specific intent to injure and damage his client; such evidence is not necessary to prove that a lawyer willfully neglected a legal matter entrusted to him.
We hold that there is clear and convincing evidence that Haynes's acts and omissions constituted violations of DR 6-101 (A) and DR 7-101 (A). The decision of the Disciplinary Board is due to be affirmed.
Haynes raises one other point. He argues that 120 days' suspension is too severe for the offense. We cannot agree. We are not inclined, on the record before us, to disturb the punishment prescribed by the Board.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur. *Page 678