[1] Reporter's note: The appellant in this case is not to be confused with attorney John P. Courtney III, also of Mobile.
This is an appeal by the defendant, a licensed attorney, from a finding by the *Page 1003 
Alabama State Bar Disciplinary Board that he violated Disciplinary Rule 1-102 (A)(6), Code of Professional Responsibility, and from the Board's order that he be given a public censure.
On December 28, 1984, the complainant, a divorced female, was present in the defendant's law office to discuss a lawsuit in which her minor child was represented by the defendant. She alleges that after a brief discussion about the progress of the lawsuit, the defendant began asking her personal questions about dating married men. She further alleges that as she began to leave his office, the defendant "came up and around me and put his arm around my waist and then started fondling my buttocks," and that then he kissed her on the cheek. The complainant immediately left the office, and she subsequently filed a complaint with the Mobile County Bar Association against the defendant.
On May 15, 1985, the Grievance Committee of the Mobile County Bar Association filed formal charges against the defendant, charging that the defendant had violated Disciplinary Rules 1-102 (A)(4) and 1-102 (A)(6), Code of Professional Responsibility.
The defendant denied these allegations, contending that he merely asked her to have a drink with him sometime, and that, as she was leaving the office, he put his arm on her waist and kissed her on the cheek. He denies ever touching her on the buttocks.
On September 20, 1985, a hearing was held before the Disciplinary Board. At the hearing, the four-member panel heard the oral testimony of the complainant and the defendant, as well as the brief testimony of Billy C. Bedsole, the attorney assigned to investigate this complaint. Several exhibits were introduced into evidence, one of which was an undated letter of apology written by the defendant to the complainant and her parents. In that letter, the defendant apologized for his "stupidity in obviously misreading things"; however, the letter did not address all that had allegedly happened in the incident.
The Board returned a verdict of "not guilty" as to a violation of DR 1-102 (A)(4), and a verdict of "guilty" as to a violation of DR 1-102 (A)(6). Thereafter, during arguments concerning the appropriate punishment for the defendant, certified copies of three prior disciplinary actions by the Board against the defendant were introduced, one of which involved an incident similar to the present one. The Board subsequently ordered that the defendant be given a public censure.
The defendant first contends that the evidence presented at the hearing was not sufficient to support a finding of guilty of Disciplinary Rule 1-102 (A)(6), Code of Professional Responsibility. This rule states that "[a] lawyer shall not . . . [e]ngage in any . . . conduct that adversely reflects on his fitness to practice law."
The applicable standard of review in such disciplinary proceedings is as follows:
 "Under the present rules of disciplinary enforcement, where the members of the Disciplinary Board hear the evidence and observe the demeanor of the witnesses, the Supreme Court, on review, will presume that the Board's decision on the facts is correct; and the disciplinary order will be affirmed unless the decision on the facts is unsupported by clear and convincing evidence, or the order misapplies the law to the facts."
Haynes v. Alabama State Bar, 447 So.2d 675, 677 (Ala. 1984);Trammell v. Disciplinary Board of the Alabama State Bar,431 So.2d 1168, 1172 (Ala. 1983).
In the present case, there were only two material witnesses to the incident in question — the complainant and the defendant. Since their testimony was contradictory, it was within the province of the Board, in its function as the finder of facts, to determine the true facts. After hearing the testimony and observing the demeanor of the witnesses, the Board obviously determined that the complainant's version of the facts was the true version. This Court must presume that the Board was correct in that determination. See, Haynes, supra. *Page 1004 
Under these circumstances, we cannot say that the decision on the facts was not supported by clear and convincing evidence. Likewise, we cannot say that the order misapplies the law to those facts, as we believe that such conduct certainly "adversely reflects on [the defendant's] fitness to practice law." Therefore, we are compelled to hold that the Disciplinary Board's findings were supported by sufficient evidence. We disagree with defendant's contention that this incident arose out of a personal conversation rather than out of an attorney-client relationship; the incident clearly arose directly from a scheduled meeting with the complainant concerning the lawsuit of the complainant's minor daughter, of whom the complainant was the legal guardian for purposes of that lawsuit.
The defendant also contends that the Board erred in ordering a public censure. He bases this contention on the premise that a public censure serves no function but to embarrass the defendant and his family. He cites the facts that he has practiced law for 27 years, has been married for 28 years, has three children, and has an 88-year-old father who recently suffered a heart attack.
Upon a finding of guilty, the Disciplinary Board may impose as punishment one of the following: disbarment, suspension, public censure, private reprimand, or a private informal admonition. Rule 3, Rules of Disciplinary Enforcement. On appeal, this Court may affirm the Board's order regarding the imposition of punishment or we may modify that order to reflect what we believe to be the appropriate punishment. See, e.g.,Perloff v. Disciplinary Board of Alabama State Bar,424 So.2d 1305, 1307 (Ala. 1982); Dodd v. Board of Commissioners ofAlabama State Bar, 350 So.2d 700, 706 (Ala. 1977); Ex parteMontgomery, 244 Ala. 91, 97, 12 So.2d 314, 318 (1943). Barely two months before the incident presently in question, the defendant had received a private informal admonition from the Board for similar conduct toward a female client. Within the three years prior to this incident, the defendant had received a private reprimand and a 60-day suspension for other improper conduct. In light of the above, we cannot say that the Board was in error in prescribing a public censure.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.