STEAGALL, Justice.
Thomas E. Baddley, Jr., appeals the order of the Disciplinary Commission of the Alabama State Bar (hereinafter “Disciplinary Commission”) suspending him from the practice of law for six months. We affirm.
On January 8, 1986, the General Counsel of the Alabama State Bar, on behalf of the Grievance Committee of the Birmingham Bar Association, filed a petition with the Disciplinary Commission, asking the Disciplinary Commission to disbar or suspend Baddley from the practice of law, as required by Rule 14, Rules of Disciplinary Enforcement. As a basis for disbarment or suspension of Baddley, the petition asserted the following:
“2. That, on April 29, 1985, the respondent attorney pleaded guilty in the Circuit Court of Jefferson County (Case No. CC-83-2376), to, to-wit: possession of 5.63 grams of marijuana, a felony, and *413 was sentenced to two years imprisonment, suspended, and placed on two years probation, a record of which conviction, certified and authenticated in the manner authorized by law, is attached hereto and incorporated herein by this reference....
“3. That, as an aggravating circumstance, the respondent attorney, previously, on April 18,1983, pleaded guilty in Pike County District Court (Cases No. DC-83-188 & DC-83-190), to the misdemeanors of causing the delinquency of a juvenile and possession of marijuana for personal use, ... the records of these convictions, certified and authenticated in the manner authorized by law, being attached hereto and incorporated herein by this reference....”
Baddley formally responded to the petition by letter, in which he specifically admitted the allegations of paragraph two and contended that the allegations of paragraph three were improper and prejudicial. Baddley also requested a hearing before the Disciplinary Commission.
A hearing was held on August 29, 1986, at which time Baddley, represented by counsel, appeared before the Disciplinary Commission. The Disciplinary Commission heard the oral testimony of Baddley, and it heard the recommendation of the chairman of the Birmingham Bar Association Grievance Committee. Baddley introduced into evidence several exhibits, consisting of letters and affidavits from judges, lawyers, and other people who had personal knowledge of Baddley’s professional activities and of his efforts toward rehabilitation. Also admitted into evidence was a certified copy of a private reprimand given Baddley by the Disciplinary Commission in 1979.
The Disciplinary Commission ordered that Baddley be suspended from the practice of law for six months. Following the denial of his “petition for reconsideration or other relief,” Baddley appealed to this Court.
Rule 14, Rules of Disciplinary Enforcement, provides, in pertinent part, as follows:
“An attorney must be disbarred or suspended:
[[Image here]]
“(b) When his conviction has become final ... in any court of record of this State ... for any crime which by the law of the forum trying the case is a felony (other than manslaughter) or a misdemeanor involving moral turpitude, in any of which cases the record of his conviction or a copy thereof certified and authenticated in the manner authorized by law is conclusive evidence....”
Baddley does not assert that the order of suspension under Rule 14 was improper. His contention on appeal is that the imposition of a six-month suspension is not appropriate under the circumstances, and he urges this Court to modify the order of the Disciplinary Commission by shortening the time of suspension.
Baddley argues that the imposition of a six-month suspension is not warranted in light of the length of time that transpired from his arrest in January 1983, leading to his guilty plea in April Í985, until the Disciplinary Commission’s order of suspension in August 1986. Baddley submits that during that time he was involved in personal rehabilitation programs, and that he continued to practice law under adverse circumstances due to the publicity regarding his conviction and the impending disciplinary proceedings before the local bar committee and the Disciplinary Commission. Baddley further contends that the suspension for six months is excessive because the offense did not arise from a matter involving the practice of law.
The record shows that Baddley has continued to practice law, apparently in a satisfactory manner, and that he has made exemplary progress in his efforts to rehabilitate himself. Nevertheless, we cannot agree with Baddley’s contention that the term of suspension imposed is too severe. The record discloses that the case was delayed in being heard, in part, because Baddley “tried to negotiate things, and it was put off for a variety of reasons.” The contention that the incident did not occur in Baddley’s professional capaci *414 ty as an attorney is unavailing as a reason for modifying the order of suspension, especially in light of Rule 2, Rules of Disciplinary Enforcement:
“(a) Acts or Omissions. Acts or omissions by an attorney, individually or in concert with any other person or persons, which violate the Attorney’s Oath of Office or the Code of Professional Responsibility of the Alabama State Bar as from time to time shall be in effect in the State of Alabama, shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship.
“(b) Conviction of a Crime. Conviction of a crimé as set forth in Rule 14 shall similarly be grounds for discipline.” (Emphasis added.)
Further, an attorney’s prior record may be considered in determining the appropriate punishment in a disciplinary proceeding. See Courtney v. Alabama State Bar, 492 So.2d 1002 (Ala.1986); and Perloff v. Disciplinary Board of the Alabama State Bar, 424 So.2d 1305 (Ala.1982).
Based on our review of the record, we find that the punishment imposed by the Disciplinary Commission is appropriate. Therefore, we hold that the Disciplinary Commission’s order, suspending Baddley from the practice of law for six months, is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.