THOMPSON,
Presiding Judge, concurring in part and dissenting in part.
In its judgment, the trial court found that Albert Conner’s chronic lower-back pain was a natural consequence flowing from the initial injury to Conner’s ankle. Metals USA Plates and Shapes Southeast, Inc., did not allege that compensation for Conner’s ankle was barred by the applicable statute of limitations. When the trial court considered Conner’s back pain as part of its determination of the extent of Conner’s disability and the amount of workers’ compensation benefits he was en *436 titled to for his work-related injuries, it implicitly found that compensation for Conner’s back injury was not barred by the statute of limitations. Because legal evidence supports this finding, it is due to be affirmed. See Reynolds Metals Co. v. Stults, 582 So.2d 1035, 1038 (Ala.Civ.App.1988). Accordingly, I dissent from that portion of the main opinion reversing the judgment of the trial court in case no. 2090800 on the basis that it failed to make findings of fact with regard to the statute-of-limitations issue concerning Conner’s claim for compensation for his lower-back injury.
I concur with the remainder of the main opinion.