381 So.2d 52 (1980)
William Thomas HUNT
v.
DISCIPLINARY BOARD OF the ALABAMA STATE BAR.
BAR 79-1.
Supreme Court of Alabama.
March 7, 1980.
*53 J. Louis Wilkinson of Wilkinson, Purvis & Dodd, Birmingham, for appellant.
William H. Morrow, Jr., Gen. Counsel, Montgomery, for Alabama State Bar.
JONES, Justice.
This is an appeal by William Thomas Hunt, a practicing lawyer, from the Disciplinary Board of the Alabama State Bar's order of suspension for one year.
On March 2, 1979, the Grievance Committee of the Birmingham Bar Association filed formal disciplinary charges against Hunt with the Disciplinary Board of the Alabama State Bar.
Charge I alleges a violation of Disciplinary Rule 6-101(A):
"A lawyer shall not willfully neglect a legal matter entrusted to him."
The essential allegations of Charge I are:
"2. Following the accident Mr. Martin employed the attorney to represent him and to file a lawsuit in his behalf resulting from the accident against the responsible party or parties to protect his legal rights.
"3. Since the time of the attorney's employment, the attorney never filed any lawsuit on behalf of Mr. Martin and willfully neglected the legal matter entrusted to him."
Charges II and III allege violations of Disciplinary Rule 1-102(A)(4):
"(A) A lawyer shall not:
". . .
"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, nor be guilty of wilful misconduct."
The essential allegations of Charge II are:
"2. After he was employed, the attorney, in one or more conversations advised his client, Mr. Martin, upon inquiry from his client when his case would be set for trial, that his case would be set in December, 1977. The attorney misrepresented the status of a legal matter to his client."
The essential allegations of Charge III are:
"2. In one or more conversations with one Thomas W. Crawford, who recommended the attorney to the client, the attorney acknowledged to Mr. Crawford that he was representing Mr. Martin and intimated to Mr. Crawford that suit in Mr. Martin's behalf had been filed.
"3. No suit had been filed at the time of this conversation or conversations, and no suit was ever filed. The attorney thus misrepresented the status of a legal matter to Thomas W. Crawford."
On April 9, 1979, Hunt filed a general denial. On July 27, 1979, the matter was heard, and the Board entered its order finding Hunt guilty of all three charges and fixing his discipline as a suspension from the practice of law for one year. Hunt appeals, challenging the sufficiency of the evidence.
Hunt states the error complained of thusly:
"The Disciplinary Board erred in suspending Mr. Hunt on the basis of his failure to represent Mr. Martin in a civil matter, when in fact Mr. Hunt had never been employed by Mr. Martin, hence there was never an attorney-client relationship."
The law governing the lawyer-client relationship may be stated, in the context of the instant case and Disciplinary Rule 6-101(A), Code of Professional Responsibility, *54 as follows: Whenever a person consults a lawyer, advising him of the facts concerning a legal claim, and the lawyer agrees to "take the case," and thereafter assures such person that he is handling the case and that it will be heard at a future date, a lawyer-client relationship is established; and the lawyer is guilty of wilfully neglecting a legal matter entrusted to him if he takes no action on client's behalf.[1]
Likewise, the legal principle supportive of Disciplinary Rule 1-102(A)(4), in the context of this case, may be stated: Whenever a lawyer falsely assures a client or his agent that he is pursuing a matter entrusted to him by the client and that the case will be heard by a court at some future date when, in truth and in fact, the lawyer has filed no suit on client's behalf, the lawyer is guilty of conduct involving dishonesty, fraud, deceit, misrepresentation or wilful misconduct.
The scope of review applicable to this case is: Under the present rules of disciplinary enforcement, where the members of the Disciplinary Board hear the evidence and observe the demeanor of the witnesses, the Supreme Court, on review, will presume that the Board's decision on the facts is correct; and the disciplinary order will be affirmed unless the decision on the facts is unsupported by clear and convincing evidence, or the order misapplies the law to the facts.[2]
The issue, then, is whether the evidence of record clearly and convincingly supports the factual premises upon which the first two above-stated legal principles are based. We have reviewed the record and conclude that the evidence, and the inference which may be reasonably drawn therefrom, support the following findings of fact:[3]
1. Upon a fellow employee's recommendation, Bradley W. Martin, shortly after his collision with an Orkin Exterminator vehicle, personally consulted William Thomas Hunt, an attorney-at-law, and advised him of the facts and circumstances of his accident and his resultant injuries, including: $1200 damages to his car; "a cut head and busted mouth and a cracked rib"; broken dentures and glasses; medical attention; and ten days' loss of employment.
2. Hunt remarked to Martin, upon examining an official accident report furnished to him by Martin, that "it looked like a winner and he would take the case." Hunt told Martin, regarding his fee, that "he would get his when he got mine." Martin informed Hunt he was in receipt of $1200 from Orkin which he then returned upon Hunt's advice.
3. After repeated attempts to contact Hunt during a three-to-four-month period following their initial conference, Martin, through his daughter, wrote Hunt a letter inquiring of the status of his case. Other than their first meeting, Hunt never communicated directly by phone or by letter with Martin. On one occasion, Martin's wife, after many attempts, talked with Hunt by phone and he told her "it would come up in court around the middle of December, 1977."
4. Martin's fellow employee, who had referred Martin to Hunt, repeatedly contacted Hunt at Martin's request and inquired of the status of the claim; and he was advised by Hunt that suit was filed and would be set for hearing at a later date. In fact, suit was never filed.
We are constrained to hold that these factual findings are supported by clear and convincing evidence; that the order properly applies the law to the facts; and, therefore, that the Disciplinary Board's order, *55 adjudging the Appellant guilty of all three charges and suspending him from the practice of law for one year, is due to be, and hereby, is affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C. J., and ALMON, J., concur specially.
ALMON, Justice (concurring specially).
The majority of the Court has raised the burden of proof necessary to discipline attorneys from the traditional civil standard of "reasonable satisfaction" to "clear and convincing." The old standard has worked well for many years and I have not been persuaded of the necessity to make a change.
I nevertheless concur in the affirmance of the decision of the Disciplinary Board because the evidence presented was sufficient to satisfy either burden of proof.
TORBERT, C. J., concurs.
NOTES
[1] Both C.J.S. and Am.Jur.2d contain clear and consistent statements of this principle of law. See 7 C.J.S. Attorney and Client § 65, and 7 Am.Jur.2d, Attorney and Client, § 91, and the cases collected therein.
[2] See Dodd v. Board of Commissioners of the Alabama State Bar, 365 So.2d 975 (Ala.1978).
[3] This statement of the facts is our own summary of the evidence supportive of the Board's order. The order itself contains no "Findings of Fact." While not legally required, the practice of making "Findings of Fact" an integral part of the order is encouraged.