PER CURIAM.
The Committee on Character and Fitness of the Alabama State Bar declined to approve the application of Kathleen Brooks Morris to take the Alabama State Bar Examination. Morris appealed that ruling to the Character and Fitness Appeal Board of the Alabama State Bar, as provided by Rule V, Rules Governing Admission to the Alabama State Bar. Morris appeals to this Court from the adverse ruling of the Character and Fitness Appeal Board. We affirm.
Morris entered Jones Law Institute in September 1982, at which time she executed her sworn application for registration as a law student and filed it with the Secretary of the Alabama State Bar. Morris executed her sworn application for admission to the Alabama State Bar on November 26, 1985.
The Committee on Character and Fitness advised Morris by letter that her application would be reviewed on February 8, 1986, and requested her attendance at the meeting. Enclosed in the letter to Morris was a copy of a letter written by an attorney to the Committee on Character and Fitness containing information unfavorable to Morris regarding her past employment and personal life. The meeting was continued to June 14, 1986, when Morris appeared before Panel One of the Committee on Character and Fitness. On June 19, 1986, the Character and Fitness Committee disapproved Morris’s application to take the July 1986 Alabama State Bar Examination.
Morris appealed the ruling of the Character and Fitness Committee to the Character and Fitness Appeal Board, and a de novo hearing was held before that body on October 3 and 6, 1986. On October 16, 1986, the Character and Fitness Appeal Board denied Morris’s application to sit for the Alabama State Bar Examination, finding “that the applicant has failed to sustain the burden to establish to the reasonable satisfaction of the Character and Fitness Appeal Board that the applicant possesses such character and qualifications as to justify the applicant’s admission to the Bar and qualify the applicant] to perform the duties of an attorney and counselor at law.”
Rule Y of the Rules Governing Admission to the Alabama State Bar provides, in part, as follows:
“From a ruling of the Character and Fitness Committee ... declining to approve the application to take the State Bar Examination or making any finding or ruling adverse to any applicant, an appeal shall lie to the Disciplinary Board of the Alabama State Bar (which, when acting in such capacity, shall be referred to as the ‘Character and Fitness Appeal Board’), if notice of appeal is filed with the Secretary within thirty (30) days after the applicant has been notified of the action of the Character and Fitness Committee. Such appeal shall be heard, de novo, within thirty (30) days after the filing of the notice of appeal or at such time as agreed upon by stipulation between the appellant and the General Counsel. An appeal from a ruling of the Character and Fitness Appeal Board to the Supreme Court of Alabama shall be perfected by filing a notice of appeal *922 with the Clerk of the Supreme Court of Alabama within thirty (30) days after the decision of the Character and Fitness Appeal Board. The record on Appeal shall be prepared in accordance with the provisions of Rule 8(d), Rules of Disciplinary Enforcement of the Alabama State Bar.” (As amended effective December 6, 1985.)
The Character and Fitness Appeal Board is empowered by Rule 4(f), Rules of Disciplinary Enforcement, “to handle appeals from rulings of the Character and Fitness Committee, or upon its own motion, to take such action with respect thereto as shall be appropriate to effectuate the purposes of ... the Rules Governing Admission to the Alabama State Bar.” (Rule 4(f), as amended effective December 6, 1985.)
Morris asserts that the proper scope of review for this Court is an independent review of the record that was before the Character and Fitness Appeal Board. In support of that proposition, Morris cites Reese v. Board of Commissioners of the Alabama State Bar, 379 So.2d 564 (Ala.1980), which involved an appeal by an applicant of the decision of the Board of Commissioners of the Alabama State Bar refusing to certify him as a law student. In determining the standard of review to be followed, the Reese Court stated:
“The Board of Bar Commissioners made its decision to affirm the ruling of the Committee on Character and Fitness after considering the record which had been established and furnished to it. In view of this posture of the case, we determine that the proper scope of review of this Court is on the record which was available to the Board of Bar Commissioners. Consequently, we do not indulge in any presumption in favor of the findings by the Committee on Character and Fitness.”
379 So.2d at 567. In Reese, the Board of Bar Commissioners took no additional testimony and considered the transcript of the proceedings before the Committee on Character and Fitness. The posture of the case before us differs from that of Reese, in that in the present case the appeal to the Character and Fitness Appeal Board was heard de novo, without a review of the transcript of the proceedings before the Character and Fitness Committee.
The standard of review applicable to this case is that set out in Hunt v. Disciplinary Board of the Alabama State Bar, 381 So.2d 52, 54 (Ala.1980):
“Under the present rules of disciplinary enforcement, where the members of the Disciplinary Board hear the evidence and observe the demeanor of the witnesses, the Supreme Court, on review, will presume that the Board’s decision on the facts is correct; and the disciplinary order will be affirmed unless the decision on the facts is unsupported by clear and convincing evidence, or the order misapplies the law to the facts.”
This standard is appropriate, given the posture of the case before us and in consideration of the December 6, 1985, amendment of the Rules of Disciplinary Enforcement to include provision for the Disciplinary Board of the Alabama State Bar to sit as the Character and Fitness Appeal Board and to effect the purposes of the Rules Governing Admission to the Alabama State Bar.
Good moral character is a prerequisite for admission to the Bar. Ex parte Thompson, 228 Ala. 113, 152 So. 229 (1933). As recognized in Reese, 379 So.2d at 568, the Alabama State Bar “may require applicants to disclose prior conduct which would have a rational connection or bearing upon an applicant’s ‘good moral character.’ ” Rule V, Rules Governing Admission to the Alabama State Bar, provides:
“The burden is on the applicant to establish to the reasonable satisfaction of a majority of the [Committee on Character and Fitness] that the applicant possesses such character and qualifications as to justify the applicant’s admission to the Bar and qualify the applicant to perform the duties of an attorney and counselor at law.”
Morris produced evidence of good character through the testimony of witnesses at the hearing before the Character *923 and Fitness Appeal Board. It was then incumbent upon the Bar to present evidence to rebut the prima facie showing of good character made by Morris. See Reese, supra. The evidence presented by the Bar included the testimony of a number of witnesses regarding allegations that Morris had failed to make an appearance in Municipal Court for which appearance she had filed an overtime voucher in 1979 while employed by the Montgomery Police Department; that Morris had altered a subpoena by changing the time at which she was scheduled to appear before a grand jury, while employed by the Alabama Medicaid Agency in 1980; and that Morris had made a disparaging and threatening statement directed toward a superior while employed by the Alabama Medicaid Agency in 1982. Morris also testified regarding those allegations. The Character and Fitness Appeal Board heard the evidence and observed the demeanor of the witnesses, and we cannot say that the evidence received by the Board was insufficient to support a finding that Morris’s application to sit for the Alabama State Bar Examination should be denied. The evidence presented to the Character and Fitness Appeal Board raises substantial doubt about Morris’s “‘honesty, fairness and respect for the rights of others and for the laws of the state and nation.’ ” Reese, 379 So.2d at 570 (quoting Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957)). Based on our review of the record, we hold that the decision of the Character and Fitness Appeal Board was supported by clear and convincing evidence.
Morris asserts that the failure of the Character and Fitness Appeal Board to include findings of fact in its order renders the reviewing court unable to ascertain whether the decision by the Board is supported by the evidence. Although the inclusion of findings of fact in the order is encouraged, it is not a requirement. In Hunt v. Disciplinary Board of the Alabama State Bar, supra, which involved a disciplinary action against an attorney, the Court affirmed the order of the Disciplinary Board, finding that the evidence supported certain findings of fact, even though the Disciplinary Board’s order contained no “findings of fact.” 381 So.2d at 54 n. 3.
Morris also claims that she was not provided with sufficient notice of the charges against her to afford a reasonable opportunity to prepare for the hearing before the Character and Fitness Appeal Board. Morris was provided not only with a copy of the letter containing adverse statements about her that had been sent to the Committee on Character and Fitness, but also with a list of five incidents upon which the Bar intended to rely; she received these prior to the de novo hearing before the Character and Fitness Appeal Board. Morris was provided with the names of witnesses to be called by the Bar, as well as with the opportunity to cross-examine those witnesses. Under the circumstances of this case, we find that Morris was fairly advised of the charges against her and that she was afforded a reasonable opportunity to be heard before the Character and Fitness Appeal Board. See Willner v. Committee on Character and Fitness, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963).
As a final argument, Morris contends that she has been prejudiced in defending the charges relating to her character and fitness because the Bar delayed in informing her of its receipt of information reflecting adversely on her character and fitness. Morris points out that the letter from the attorney to the Character and Fitness Committee was received subsequent to her certification as a law student and while she continued her law studies, yet the Bar delayed almost 20 months before informing her of the letter. An examination of the Rules Governing Admission to the Alabama State Bar discloses no requirement that the Bar inform a law student of information that might reflect unfavorably on the student’s prospective application for admission to the Bar. Registration as a law student pursuant to Rule I, Rules Governing Admission to the Alabama State Bar, allows an initial screening of one’s fitness for the practice of law; the *924 certification of a law student by the Bar in no way qualifies that student to take the Alabama State Bar Examination.
The decision of the Character and Fitness Appeal Board is affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.
JONES, J., concurs specially.