MADDOX, Justice.
John A. Courtney, a Mobile lawyer, appeals from an order of the Disciplinary Board of the State Bar publicly censuring him for willfully neglecting a legal matter entrusted to him.
Courtney was retained by the family of Jeffrey Lynn Pugh to represent Jeffrey in a trial for robbery. Jeffrey was convicted and was later sentenced to 20 years’ imprisonment. Courtney gave oral notice of appeal to the trial court. After the sentencing, Pugh’s family met with Courtney in the hall outside the courtroom. Upon being questioned by the family concerning the appeal, Courtney stated that he did not want to “throw good money after bad.” The Pughs allege that this was their last contact with Courtney despite repeated attempts to reach him.
Courtney filed a motion to dismiss the appeal, but the appeal had been previously dismissed for nonpayment of transcript costs.
Courtney contends that the State Bar failed to prove by clear and convincing evidence that he willfully neglected a legal matter entrusted to him, within the meaning of Disciplinary Rule 6-101(a). The clear and convincing evidence standard for the review of bar disciplinary proceedings was first outlined in Hunt v. Disciplinary Board of the Alabama State Bar, 381 So.2d 52 (Ala.1980).
“The scope of review applicable to this case is: Under the present rules of disciplinary enforcement, where the members of the Disciplinary Board hear the evidence and observe the demeanor of the witnesses, the Supreme Court, on review, will presume that the Board’s decision on the facts is correct; and the disciplinary order will be affirmed unless the decision on the facts is unsupported by clear and convincing evidence, or the order misapplies the law to the facts.”
381 So.2d at 54.
We must, therefore, determine whether there was presented at the hearing clear and convincing evidence in support of the Board’s decision.
*257 It is undisputed that Courtney, in his representation of Pugh, gave oral notice of appeal at Pugh’s trial and that he had no further contact with Pugh after Pugh was sentenced. Courtney did not inform the Pughs that they should seek other representation, nor did he inform them that Jeffrey might be eligible for court-appointed counsel. The Pughs testified that they tried to contact Courtney on several occasions, but to no avail. Courtney did not withdraw as counsel of record, and he did not inform the Pughs that Jeffrey’s appeal had been dismissed.
We conclude that there was sufficient evidence presented to support the charge that Courtney undertook the representation of Jeffrey Pugh on appeal and that he did not pursue the case and did not effectively withdraw.
Although some of the facts were in dispute, there was presented clear and convincing evidence that was sufficient to support the Disciplinary Board’s findings; its order is due to be, and is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.