MADDOX, Justice.
A practicing lawyer appeals from a ruling of the Disciplinary Board of the Alabama *581 State Bar ordering a public reprimand without general publication.
On January 8, 1993, the Alabama State Bar filed charges against the lawyer, alleging violations of the Rules of Professional Conduct in connection with his representation of the complainant, Dee Harris.
Charge I alleges a violation of Rule 1.3 of the Rules of Professional Conduct: “A lawyer shall not willfully neglect a legal matter entrusted to him.” Charge II alleges a violation of Rule 8.1 of the Rules of Professional Conduct:
“An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
“(a) knowingly make a false statement of material fact; or
“(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.”
On February 17,1993, the lawyer formally answered the charges. On August 7, 1993, the Disciplinary Board of the Alabama State Bar (“the Disciplinary Board”) heard the matter. The Disciplinary Board found the lawyer guilty of all charges and ordered a public reprimand without general publication. The lawyer appeals, challenging the sufficiency of the evidence.
“The general rule is that this Court, on review, will presume that the Disciplinary Board’s decision on the facts is correct and that the order of the Disciplinary Board will be affirmed unless it is not supported by clear and convincing evidence or misapplies the law to the facts. Hunt v. Disciplinary Bd. of the Alabama State Bar, 381 So.2d 52 (Ala.1990).”
Noojin v. Alabama State Bar, 577 So.2d 420, 423 (Ala.1990).
The facts that led to the lawyer’s being found guilty of willfully neglecting a legal matter are summarized in the brief filed by the Alabama State Bar:
“Dee Harris, the complainant, testified that she lived in Sacramento, California and worked for . the Defense Accounting System. She frequently traveled around the U.S. and the world as part of her job. In 1986, she purchased 2.3 acres of land on Highway 80 in Burkeville, Alabama. It was her intention to leave her government position and establish a restaurant on the property. Two men she had previously known (Jim Lee and Doug Moore) approached Harris with the idea of purchasing a restaurant building they already owned and moving it to her property. Harris testified that Lee told her he would finance a ‘turn-key operation,’ but Harris would have to pay off the loan on the property. Lee represented himself as someone who was making loans to minorities, and that he was handling an eighteen million dollar trust fund. Harris later learned that Lee did not have any money to finance her project. While the building was moved to her property, it sat there unfinished because Lee and Moore had no money to complete things.
“Harris testified that she had paid $10,-350.00 to clear the debt on the purchase of the land. A foreclosure was filed by ‘the Brauns,’ who had ostensibly loaned money on the project to Jim Lee. Harris contacted two different lawyers about suing Jim Lee and ‘the Brauns’ for fraud. Around June of 1990, Harris went to the law library in Sacramento, and drafted a complaint which she sent to the Circuit Court in Lowndes County, Alabama, with a check for $175.00 payable to the ‘Lowndes County Courthouse.’ In subsequent conversations with the Clerk of the Court, Harris was told that her case had been filed, but she was never able to obtain a copy of it from the Clerk.
“Harris came to Alabama and called several attorneys. She made an appointment to see [the lawyer against whom these charges were later filed] on March 19, 1991. [The lawyer] agreed to represent her. She had picked up [her] ‘whole package’ from the Lowndes County Circuit Clerk and gave it to [the lawyer], [The lawyer] told her that he would review the files and file a case for her in the next *582 week. She gave [the lawyer] a check for $647.00 on the 19th for attorney’s fees and the Court’s filing fee. She also gave [the lawyer] another cheek for $500.00 dated April 15, 1991, and instructed him not to cash it before then. Harris gave [the lawyer] her address in Saudi Arabia where she was going to serve as a payroll officer for the Army. She asked him to send her a copy of the complaint over there.
“Before she left for Saudi Arabia, Harris called [the lawyer] and asked whether he needed anything else from her. He responded that he did not. This conversation occurred on March 26, 1991. Harris waited another month and then called [the lawyer]. He told her that he had not filed her case, but that he was going to the following week. After this conversation, Harris sent [the lawyer] another check in the amount of $1,000.00, so he would have the money on hand in the event he needed it. [The lawyer] had told Harris that.he would bill her on a monthly basis, but she never received a bill from him. During June, Harris had additional phone conversations with [the lawyer] from Saudi Arabia. In those conversations, [the lawyer] offered more excuses concerning his failure to file Harris’s lawsuit.
“On August 3, 1991, Harris sent [the lawyer] a letter terminating him and asking for an immediate refund of the $2,147.00 paid to him. On August 19,1991, [the lawyer] responded in writing to Harris’s letter. He stated: T have enclosed a copy of the Complaint and Motion to Transfer that I shall file in Lowndes County, Alabama, provided you advise me that the statements made in your August 3, 1991, letter are withdrawn.’ After receiving [the lawyer’s] August 19 letter, Harris called him and told him to proceed with the ease and it was her impression that he was again representing her interests.
“Harris returned to the United States from Saudi Arabia in September of 1991. She went to Sacramento and then came to Alabama to check on her case. She called and made an appointment with [the lawyer]. Before going to his office, she went to the Courthouse in Lowndes County, but was unable to find any record of her civil complaint being filed. When she learned it had not been filed she simply went back to the airport and returned to Sacramento without keeping her appointment with [the lawyer]. After that, Harris was so ‘fed-up’ that she had no further contact with [the lawyer]. She filed a complaint with the Alabama [State] Bar Association in December of 1991. Her bank in Sacramento had notified her of an overdraft and upon obtaining a copy of the check, [she] learned that [the lawyer] had deposited the $175.00 [check] she made payable to the ‘Lowndes County Courthouse.’ The check had only been given to [the lawyer] as evidence of her effort to file within the statute of limitations, should that issue arise.”
(Appellee’s Brief at 3-5) (citations omitted).
The lawyer argues that the attorney-client relationship was effectively terminated when Harris filed a grievance with the Alabama State Bar, if not before. Because his employment was terminated, the lawyer argues, he was bound not to proceed with Harris’s case. Harris filed her grievance on December 12, 1991. It is clear that problems existed between the lawyer and Harris. However, even if we agree with the lawyer that his employment was terminated on December 12, 1991, the Alabama State Bar argues that the misconduct occurred during the first period at issue here, the period March 19,1991, to December 12,1991. It appeared from the lawyer’s August 19 letter to Harris that the complaint was already drafted and that he would file it after receiving her authority to do so. She gave him that authority on August 28, 1991; nevertheless, he did not file the complaint until May 6, 1992. The Alabama State Bar states that the second period at issue here is the period December 13, 1991, to May 6, 1992. The statutory limitations period applicable to Harris’s fraud claims expired in January 1992. The lawyer filed Harris’s complaint on May 6, 1992, one day before he appeared before the Montgomery County Bar Association’s Grievance Committee. The lawyer argues that his lack of action was due to uncertainty about the status of the attorney-client relationship after the grievance had been filed against him. The lawyer took no steps to resolve this uncertainty, despite the fact that he knew the fraud claims would be barred after January 1992.
*583 This Court stated in Hunt v. Disciplinary Board of the Alabama State Bar, 381 So.2d 52, at 54 (Ala.1980), that “the lawyer is guilty of willfully neglecting a legal matter entrusted to him if he takes no action on [the] client’s behalf.” Hunt was decided under the former disciplinary rules. DR 6-101(A), part of the former Code of Professional Responsibility, required that a lawyer not “willfully neglect a legal matter entrusted to him.” The current rule, Rule 1.3 of the Alabama Rules of Professional Conduct, contains the same requirement: “A lawyer shall not willfully neglect a legal matter entrusted to him.” Under this rule, a lawyer is subject to discipline only for the willful neglect of a legal matter entrusted to him. ‘Willful neglect” does not require evidence of a specific intent to injure or damage the client. Haynes v. Alabama State Bar, 447 So.2d 675, 677 (Ala.1984). Therefore, we find clear and convincing evidence that the lawyer’s acts and omissions constituted “willful neglect” within the meaning of Rule 1.3.
The lawyer was also found guilty of knowingly making a false statement in connection with a bar disciplinary matter, in violation of Rule 8.1(a), Alabama Rules of Professional Conduct. On March 4, 1992, the lawyer wrote to Sterling Culpepper, a lawyer investigating the grievance for the Montgomery County Bar Association, telling Culpepper that he had mailed the complaint to Lowndes County for filing, when, in fact, he had not. The lawyer testified that he was probably intending to file it the day he dictated the letter. On April 6, 1992, in a telephone conversation with Culpepper, he stated that he would file the complaint the next day. He filed the complaint on May 6, 1992. Accordingly, we also find clear and convincing evidence that the lawyer’s acts violated Rule 8.1.
The order of the Disciplinary Board is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and INGRAM, JJ., concur.