Bert P. Noojin, a Mobile lawyer, appeals from an order of the Disciplinary Board of the Alabama State Bar suspending him from the practice of law for one year.
Noojin argues that the Disciplinary Board violated his constitutional rights to due process and equal protection by delaying or otherwise deferring disciplinary proceedings against him until he had served a period of probation imposed by the United States District Court for the Southern District of Alabama, which prohibited him from practicing law for one year. As authority for this contention, he cites Rule 11, Rules of Disciplinary Enforcement. Rule 11 states that "[d]isciplinary proceedings shall not be deferred or abated because of substantial similarity to the material allegations of pending criminal or civil litigation, unless authorized by the Disciplinary Board, in its discretion, for good cause shown."
The question before this Court is whether the proceedings were deferred because of the criminal proceedings in federal court, and if so, whether the Disciplinary Board had good cause for the delay.
The following facts are necessary for a complete understanding of Noojin's arguments. On September 19, 1988, Noojin entered a guilty plea in federal district court for violation of 18 U.S.C. § 402, a misdemeanor. The sentencing hearing was held in November of that same year. As a result of his plea, Noojin received a suspended sentence and probation, but that court imposed the following special conditions on Noojin's probation:
 "That the defendant [Noojin] not engage in the practice of law for a period of One (1) Year from this date.
 "That if a complaint is instituted by the U.S. Attorney or any member of the Bar or any other entity. . . . with the Alabama Bar against defendant arising out of action charged in this information or any earlier act, the defendant's response will be such that he will not oppose a suspension of his law license for a period of One (1) year."
By letter dated November 29, 1988, the Mobile Bar Association notified Noojin of the existence of a complaint against him arising out of his guilty plea and requested a response to the charges therein. On January 6, 1989, Noojin filed with the Mobile Bar Association a written response, accompanied by a conditional guilty plea.[1]
After submitting his written response, Noojin attempted to follow up on the course of the proceedings with two persons at the Alabama State Bar. *Page 422 
Noojin cites the following testimony in support of his assertion that the Bar unreasonably delayed bringing the charges because of the criminal proceedings and that the delay denied to him valuable rights guaranteed by Rule 11, Rules of Disciplinary Enforcement:
 "Q [Noojin's attorney]. Okay. Now did you hear further from Mr. [Reggie] Hamner [executive secretary of the Alabama State Bar] concerning your request as to what was the status of that matter?
 "A [Noojin]. Well, in that same conversation, I also asked him, I said, 'Reggie, I have responded to the Bar complaint and I haven't heard anything. It's been several months, as you might be aware, and I'm anxious to know what's going to happen.'
 "He said, 'Well, I don't know anything about that. I will tell them that and I will call you back and give you the information on your Bar membership and whatever I can find out about the status of the complaint.'
 "As I recall, he did not call me back that day, but it was either the next day or the day after, he gave me the detailed information I needed about the Bar membership and also told me that he had checked and that the grievance was still in local committee and that he had found out that — and he said — as someone has refreshed my memory, 'You can't practice law anyway, so there's no hurry, what's the hurry?'
 "I explained to him then that the hurry was that if I was going to be disciplined, I would like to be disciplined at a time when I am virtually penniless and unemployed anyway. I asked him specifically, I said, 'Please, Reggie, don't let these people wait until I again have the right to go back and practice law and then try to take my life away from me again.' He said, 'Well, I understand what you are saying, but that's all I know, and I really can't comment about it further.'
". . . .
 "Sometime after that, I believe it was a month or two after that, this must have been in May of the same year, of last year, 1989, I called the General Counsel's office. And to the best of my recollection, I spoke with Mr. [John] Yung [assistant general counsel] at the counsel's office specifically about this matter.
 "It was now June and I was very concerned about the pending grievance and I wanted to get something done about it. I asked him what the status was and if it had been returned from the local committee.
 "He told me that he didn't have a file in front of him, but that he thought — it wasn't in his office yet, but he would check and give me some information about it. And I must say, he was kind enough to call me back and tell me that it was still pending in committee and that —
 "He also told me at that time that he had learned that I — that he had been reminded that I could not practice law anyway, that I was under probation from practicing law, so what's the hurry. Mr. Yung basically asked me what the hurry was, too. And I tried to explain briefly to him.
 "At that point, Mr. Yung told me, and I think properly so, that he wasn't in a position to comment on the case any more. And that's the last conversation I had with that office."
After hearing nothing further from the Mobile or Alabama Bar Associations and even though no formal disciplinary charges had yet been filed, Noojin, on June 29, 1989, filed a motion to dismiss the proceeding. The motion to dismiss went without response for another four months, until October 24, when Noojin was served with the disciplinary charges that are the subject of this proceeding. An additional three months passed before the Disciplinary Board attempted to set a hearing on these charges against Noojin.[2] *Page 423 
After hearing and considering everything presented by the Bar and Noojin, the Disciplinary Board granted Noojin's motion to dismiss Charges IV, V, and VI of the disciplinary complaint, but found Noojin guilty under Charges I, II, and III. The Board set his discipline at suspension for a period of one year.
Noojin contends that the Disciplinary Board delayed the proceedings against him so as to cause him to be suspended for a period of one year in addition to the year's suspension imposed as a special condition of probation in the federal proceeding.
As far as our research reveals, this is the first case before this Court involving an application of the principle set out in Rule 11, Rules of Disciplinary Enforcement. We have examined the Model Rules for Lawyer Disciplinary Enforcement approved by the American Bar Association House of Delegates on August 9, 1989, as those Rules relate to delay in disciplinary proceedings. The commentary to Rule 18 of the model rules states that, while "[s]tatutes of limitations are wholly inappropriate in lawyer disciplinary proceedings . . . the time between the commission of the alleged misconduct and the filing of a complaint predicated thereon may be pertinent to whether and to what extent discipline should be imposed."
In the present case, although the record shows that Noojin, by various methods, sought to have the Disciplinary Board consider the facts and circumstances surrounding the entry of his plea of guilty in the federal proceedings, we have found nothing in the record to indicate that the Board considered the lapse of time between the commission of the misconduct and the filing of formal charges in determining whether, and to what extent, discipline should have been imposed. While the record shows that the Board considered Noojin's argument in denying the motion to dismiss, there is no indication that the Board, in imposing discipline in this case, considered the fact that Noojin had already been suspended from practicing law for one year and that he had, on more than one occasion, attempted to determine the status of the Disciplinary Board proceeding.
The Alabama State Bar, of course, was not bound by the federal proceeding. The Bar could accept Noojin's pleas for leniency, or the Bar could disbar him. A fair reading of what occurred in this case suggests that the federal judge, in sentencing Noojin, desired that he be barred from practicing law for one year. The sentencing judge stated for the record:
 "It [is] understood that the contemplation of all of the parties in this situation is that the least result that will come about is that the defendant's Bar license be suspended for at least a period of a year such as official action of that type will have been taken that he has actually been not only forbidden to practice law by this court for a period of a year but effectively will have been suspended by the Bar Association for a period of a year." (Emphasis added.)
The sentencing judge further stated:
 "[I] will state this that it is the procedural action or substantive action or some kind of action will be taken which is designed to result in the actual effective suspension of his law license for a period of a year and his right to practice law but in any event this court is imposing on him the condition that he not engage in the practice of law for a period of a year regardless."
The general rule is that this Court, on review, will presume that the Disciplinary Board's decision on the facts is correct and that the order of the Disciplinary Board will be affirmed unless it is not supported by clear and convincing evidence or misapplies the law to the facts. Hunt v. Disciplinary Bd. ofthe Alabama State Bar, 381 So.2d 52 (Ala. 1980). However, at issue is not the severity of the sentence imposed, for, indeed, Noojin had previously stipulated that he would not oppose a suspension of his law license for one year, which, as we read the stipulation, meant that Noojin would not object to the Bar's suspension of him for one year, which could have coincided with the year's suspension made a condition of his probation. *Page 424 
The real issue, therefore, is whether the provisions of Rule 11 should apply here, that is, whether the Board had "good cause" to defer or delay this disciplinary proceeding because of the pending federal action, knowing that the federal judge had made it a condition of Noojin's probation that he not practice law for at least one year and not oppose a one-year suspension by the Bar. Our review of the record convinces us that the federal court and Noojin contemplated that the federal order of suspension affected his license to practice law.[3]
While the record offers no reason for the failure to bring the charges before October 24, 1989, Rule 23, Ala.R.Disc.Enf., provides that the Board has up to six years in which to institute formal disciplinary proceedings:
 "Formal disciplinary proceedings before the Board must be instituted by the filing of formal charges within six years from the accrual of the offense; provided, that proceedings seeking discipline based upon fraud of an attorney or for an offense the discovery of which has been prevented by concealment by the accused attorney shall not be barred until the expiration of one year after discovery by the aggrieved party or the General Counsel of the offense."
Obviously, the formal charges here were filed well within the six-year period of limitations established by Rule 23, but we are not convinced, under the facts of this case, that the discipline imposed is justified. While the State Bar's action was timely, special circumstances existed here, which appear to us to call for the application of the provisions of Rule 11. Here, because Noojin was abiding by the condition of his probation, it would matter little whether the State Bar proceeded with its action promptly or slowly, as long as it acted within the limits allowed by law. The delay by the State Bar, however, worked to Noojin's disadvantage. Noojin received the official charges only three to four weeks before the completion of his one-year probation imposed by the court. It seems clear, from the record, that in entering his plea in the federal action and his conditional plea in the Mobile grievance proceeding Noojin was contemplating that the State Bar would take action against him.
At no point in the proceedings did the State Bar either deny or explain why this proceeding was delayed until shortly before Noojin was to complete the one-year suspension made a condition of his probation. On the other hand, the evidence in the record clearly shows that Noojin contacted the State Bar at the time plea negotiations were being made, and that he inquired as to the status of the grievance proceeding. The Bar contends that the "conditional plea" Noojin filed before the Mobile Bar Association in the grievance proceeding was "filed before the wrong body at the wrong time." We cannot accept the State Bar's argument in this regard. The provisions of the "conditional plea" speak for themselves.
Although it would be better if there was a complete understanding between the State Bar and the lawyer under fact situations similar to this one, we believe the record here is sufficient for us to conclude that the spirit of Rule 11 has been violated and the State Bar has provided no good cause to delay.
Assuming, however, that the State Bar proceeding was not barred, the question still remains whether this Court should exercise its right to review the severity of the punishment in this case in view of all the attendant circumstances. We believe that we should.
This Court has the responsibility to supervise the conduct of attorneys, who are its officers, and it has established the Disciplinary Board of the Alabama State Bar to act as the arm of the Court to exercise the power granted and to perform the duties imposed by the Rules of Disciplinary Enforcement. While we are not frequently called upon to exercise our right of supervision, it is without question that this Court *Page 425 
has the inherent power to review discipline imposed by the Bar. "On appeal, this Court may affirm the Board's order regarding the imposition of punishment or we may modify that order to reflect what we believe to be the appropriate punishment."Courtney v. Alabama State Bar, 492 So.2d 1002 (Ala. 1986).[4]
After examination of all the facts in this record, we believe that we should exercise our power and overturn the order of suspension in this case, because we believe it to be inappropriate in view of all the facts and circumstances of this case. We, therefore, set aside the order of suspension entered by the Bar and remand the case to the Disciplinary Board for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] The conditional guilty plea read, in part, as follows:
 "Special Condition 4 of the sentence recommended by the U.S. Attorney's Office agreed to by Mr. Noojin, and accepted by the Court in disposing of criminal charges brought against Mr. Noojin in the United States District Court for the Southern District of Alabama is as follows:
 " '4.) That if a complaint is instituted by the U.S. Attorney or any member of the Bar or any other entity. . . . with the Alabama Bar against defendant arising out of action charged in this information or any earlier act, the defendant's response will be such that he will not oppose a suspension of his law license for a period of One (1) Year.'
 "Pursuant to that agreement this conditional plea of guilty is entered. If this Honorable Association concurs with the recommendation of suspension of his privilege to practice law for a term of twelve (12) months with automatic reinstatement of his privileges to practice law after the expiration of said term of suspension, this plea stands, otherwise, the respondent relies upon the letter response filed hereto."
[2] Because the Board failed to give the required 14-day notice, the hearing was delayed another month and was reset for March 9, 1990.
[3] For example, there are references in the federal court order to Noojin's reapplying with the bar, after one year.
[4] In Haynes v. Alabama State Bar, 447 So.2d 675 (Ala. 1984), the appellant argued that the 120-day suspension imposed was too severe for the offense. This Court, after considering the evidence in the record, refused to disturb the punishment prescribed by the Board.