719 So.2d 787 (1998)
Robert J. HAYES
v.
ALABAMA STATE BAR (1961845 and 1962074). (Two Cases)
Huel M. CARTER
v.
ALABAMA STATE BAR (1961846).
Robert B. RODEN
v.
ALABAMA STATE BAR (1961847 and 1962073). (Two Cases)
Ex parte Robert B. RODEN.
(Re Robert B. RODEN
v.
ALABAMA STATE BAR) (1962071).
Ex parte Robert J. HAYES.
(Re Robert J. HAYES
v.
ALABAMA STATE BAR) (1962072).
Ex parte Huel M. CARTER.
(Re Huel M. CARTER
v.
ALABAMA STATE BAR) (1970021 and 1970892). (Two Cases)
1961845 to 1961847, 1962071 to 1962074, 1970021 and 1970892.
Supreme Court of Alabama.
June 19, 1998.
Robert J. Hayes, appellant/petitioner, pro se.
David B. Byrne, Jr., of Robison & Belser, P.A., Montgomery, for appellant/petitioner Huel M. Carter.
*788 Fournier J. Gale, Birmingham, for appellant/petitioner Robert B. Roden.
Milton L. Moss, asst. general counsel, Alabama State Bar, for appellee/respondent.
PER CURIAM.
These nine cases stem from the Alabama State Bar's filing formal charges against Robert B. Roden, Robert J. Hayes, and Huel M. Carter and from the Bar's actions in determining, pursuant to Rule 22, Ala.R.Disc. P., that Roden, Hayes, and Carter (the "attorneys") had committed "serious crimes." The attorneys appeal, alleging various errors on the part of the Bar in the handling of these disciplinary proceedings.
The Bar adopted in its consolidated brief the statement of facts set forth in the attorneys' briefs to this Court. Those facts are as follows: In June 1994, Richard Poff, a former runner/clerk with the attorneys' firm, filed a complaint with the Bar against the attorneys, and a 13-month investigation of the attorneys by the Bar ensued. Starting in July 1995, following the culmination of the Bar's investigation of Poff's complaint, a 10-month period passed during which no action was taken on the complaint. Then on May 15, 1996, almost two years from Poff's filing of the complaint, the Bar filed formal disciplinary charges against the attorneys.
However, on July 14, 1996 in separate criminal matters, the attorneys were indicted by a Jefferson County Grand Jury for conduct related to their practice of law.[1] On July 24, 1996, before trial on these indictments, the Bar made an interim suspension of the attorneys from the practice of law, alleging that their conduct "is causing" or "is likely to cause" immediate and serious injury to a client or to the public. The attorneys petitioned the Bar for dissolution of the interim suspensions; the Bar denied their petitions, and they appealed that denial to this Court on August 8, 1996. At that same time, the attorneys filed with this Court motions to expedite their appeals, or in the alternative, to stay their interim suspensions. On August 22, 1996, this Court denied the attorneys' motions to expedite, but granted their motions to stay their interim suspensions pending the appeal of the denial of their petition for dissolution.
In preparing to answer the Bar's formal charges filed against him and the other attorneys, Hayes made discovery requests seeking from the Bar information about the Bar's allegations against him.[2] However, the Bar, on October 8, 1996, filed a motion to stay the attorneys' disciplinary cases pending the trial of the criminal cases.
On October 28, 1996, the Bar filed a motion with the Disciplinary Board of the Bar to stay the discovery in the attorneys' disciplinary case pending the trial of the criminal cases. This motion was granted, without a hearing.
*789 On February 14, 1997, following three weeks of trial in the criminal cases against the attorneys, Roden and Hayes pleaded guilty to four misdemeanor charges; one involved the offense of obtaining a signature by deception; another involved making a contribution in the name of another person, in violation of the Alabama Fair Campaign Practices Act; another involved misapplication of property; and another involved falsifying business records. Carter pleaded guilty to two misdemeanor charges; one involved the offense of obtaining a signature by deception, and the other involved making a contribution in the name of another person, in violation of the Alabama Fair Campaign Practices Act.
Thereafter, on March 7, 1997, the Bar, pursuant to Rule 22(a)(2), Ala.R.Disc.P., filed with the Disciplinary Board of the Bar a "Petition for the Determination of Serious Crimes," asking the Board to determine and declare that the misdemeanors to which the attorneys had pleaded guilty in their criminal cases constituted "serious crimes" within the meaning of that term as it is used in the Rules of Disciplinary Procedure. The attorneys, in opposition, requested an opportunity to present evidence as well as to orally argue and brief the law on the issues argued by the Bar in its petition. The attorneys were not permitted an opportunity to be heard, and 13 days later, on March 20, 1997, the Disciplinary Board of the Bar entered an order denying the attorneys the opportunity to present evidence or oral argument in their behalf. In that same order, the Disciplinary Board granted the Bar's petition, finding that the offenses to which the attorneys had pleaded guilty in their criminal cases are "serious crimes" within the meaning of Rule 8(c)(2), Ala.R. Disc.P.
On April 16, 1997, the Bar, in accordance with the Disciplinary Board's determination that the attorneys had committed "serious crimes," filed with the Disciplinary Commission of the Bar a new "Petition for Interim Suspension" of the attorneys. The Disciplinary Commission granted that petition. Thereafter, on or about June 17, 1997, a hearing was held before the Disciplinary Commission to determine the final discipline to be imposed on the attorneys under Rule 22, Ala.R. Disc.P, for the "serious crimes" the Disciplinary Board had determined that they had committed.
Pursuant to the Bar's petition filed on March 7, 1997, the Disciplinary Commission entered an "Order of Final Discipline" on June 26, 1997. That order suspended Roden and Hayes from the practice of law for two years and suspended Carter for 247 days, for having committed "serious crimes" as evidenced by their pleas to the charges in their criminal cases.[3]
On July 29, 1997, the attorneys filed "Motions to Dismiss Remaining Charges" with the Disciplinary Board of the Bar. On August 13, 1997, without a hearing, the Disciplinary Board denied those motions.
The attorneys appeal from the Bar's discipline order, arguing that the Bar denied them due process in the handling of the disciplinary cases stemming from their pleas of guilty in the criminal cases. They also seek a writ of mandamus ordering the dismissal of the formal charges that have remained pending against them.

I. Due Process
The attorneys assert that their constitutional rights to due process were violated by the Bar's failure to hold a hearing on whether the crimes they pleaded guilty to in the criminal cases constituted "serious crimes" under Rule 8, Ala.R.Disc.P. In opposition, the Bar contends that the attorneys' rights were not violated, because they were afforded an opportunity to be heard by the Disciplinary Commission when it was determining the sanctions to be imposed for their "serious crimes." Moreover, the Bar argues that under Rule 22, Ala.R.Disc.P., it is within the discretion of the Disciplinary Board to hold a hearing on whether a lawyer's conduct involves a "serious crime." In support of this contention, the Bar, during its oral argument before this Court, cited the language of Rule 22; that rule reads, in pertinent part:
"(a) The Disciplinary Commission shall disbar or suspend a lawyer:

*790 "(1)....
"(2) If the lawyer's conviction for a `serious crime,' as defined in Rule 8 of these Rules, has become final.... Whether a lawyer's conduct involves a serious crime as defined in Rule 8(c)(2)(B), (C), and (D) shall be made by the Disciplinary Board upon petition by the General Counsel. The Disciplinary Board may conduct a hearing to assist it in making this determination. If the Disciplinary Board determines that the conviction involved a serious crime, then the Disciplinary Commission will determine the discipline, upon further petition by the General Counsel...."
Rule 8(c)(2) provides:
"A `serious crime' is defined as:
"(A) A felony;
"(B) A lesser crime involving moral turpitude;
"(C) A lesser crime, a necessary element of which, as determined by the statutory or common law definition of such crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or
"(D) An attempt, a conspiracy, or the solicitation of another to commit a `serious crime.'"
The plain, express wording of Rule 22, Ala.R.Disc.P., taken in conjunction with the plain wording of Rule 8(c)(2), makes it clear to this Court that once the Disciplinary Board has determined that an attorney has committed a felony or a "serious crime," a disbarment or a suspension of the attorney's right to practice law is mandatory.
This Court has consistently held that "[t]he right to practice law in this state is constitutionally protected as a valuable property right, and no lawyer can be deprived of that right except by due process of law and upon the presentation of clear and convincing evidence of misconduct." Huckaby v. Alabama State Bar, 631 So.2d 855, 857 (Ala.1993), citing Worley v. Alabama State Bar, 572 So.2d 1239 (Ala.1990). Due Process mandates notice and an opportunity to be heard at a meaningful time and in a meaningful way. U.S. Const., Amend. 5 and Amend. 14. We are of the opinion that a hearing not based on the veracity of the underlying charges, but merely on the ultimate punishment imposed on the underlying charge, is not a meaningful one. Accordingly, we conclude that the Bar, in failing to afford these attorneys a meaningful opportunity to be heard on the issue whether the crimes to which they had pleaded guilty constituted "serious crimes" for the purposes of Rule 22, Ala.R. Disc.P., violated their constitutional right to due process. However, we recognize that as of today, Carter's 247-day suspension will have been served and Roden and Hayes will have served almost half of their suspensions. Therefore, although we reverse the discipline order, on remand the attorneys shall be allowed this option: 1) To petition the bar for a hearing on the issue whether the crimes to which they pleaded guilty were "serious crimes," for the purposes of Rule 22, Ala.R.Disc.P., and if they so petition, then the Bar is to grant the petition and proceed in a manner consistent with this opinion; or 2) to petition the Bar to have the discipline order reinstated, with credit for the time of suspension served as of the reinstatement. The attorneys shall exercise this option within 21 days of the date of this Court's certificate of judgment in these cases; if they do not exercise the option within that period, then the Bar either shall proceed as if the attorneys had exercised option one or shall proceed in some other manner consistent with this opinion.

II. Remaining Formal Charges
The attorneys, citing Noojin v. Alabama State Bar, 577 So.2d 420 (Ala.1990), contend that the Bar has inordinately delayed proceedings relating to the May 1996 charges and has thereby violated Rule 14, Ala. R.Disc.P. That rule provides:
"Disciplinary proceedings shall not be deferred or abated because of substantial similarity to the material allegations of pending criminal or civil litigation involving the respondent, unless authorized by the Disciplinary Board, in its discretion, for good cause shown."
*791 In Noojin, this Court examined an attorney's contentions that the Alabama State Bar had erred in delaying disciplinary proceedings against him. It held that the culmination of a federal criminal matter was not "good cause" for delaying disciplinary proceedings for nearly a year, and it barred the Alabama State Bar from proceeding on the charges pending against the attorney. As in Noojin, we consider in the present case whether the Bar had "good cause" to defer or delay the disciplinary proceedings against the attorneys. Rule 14, Ala.R.Disc.P.[4] The Bar asserts that it "stayed" the proceedings on the formal charges based on the attorneys' alleged attempts to obtain discovery for their criminal cases. Aside from this assertion, the Bar has not attempted to provide a reason for its continued delay in regard to the formal charges against the attorneys.[5] Therefore, if we accept the Bar's only explanation of "good cause" for delay, there remains a period of over a year, from February 14, 1997, to now, during which the Bar has taken no action to proceed on the merits of the formal charges. Under our Noojin analysis, we find that this delay in proceeding on the remaining formal charges is excessive. Therefore, because of the inordinate delay on the part of the Bar in pursuing the remaining formal charges against the attorneys, those charges are dismissed.
DISCIPLINE ORDER REVERSED AND CASES BASED ON THAT ORDER REMANDED, WITH INSTRUCTIONS; PENDING CHARGES DISMISSED.
ALMON, SHORES, KENNEDY, COOK, and LYONS, JJ., concur.
HOOPER, C.J., and SEE, J., concur in the result.
HOUSTON, J., concurs in part and dissents in part.
MADDOX, J., dissents.
SEE, Justice (concurring in the result).
I concur in the result of the majority opinion. All persons, even the most guilty felons, must be afforded due process of law before they are deprived of a valuable property interest.[6]Connecticut v. Doehr, 501 U.S. 1, 9, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991) (noting that due process protections include notice, a neutral decision-maker, and some form of hearing). The appropriate extent of procedural protections required by due process, including the scope of a hearing, are determined by balancing the interest of the affected individual that is at stake, the risk of an erroneous deprivation, and the governmental burdens entailed in providing additional procedural protections. Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).
In this civil case, I agree with the State Bar that a full hearing, including the opportunity to present evidence and to orally argue the case, was not necessarily required with respect to those disciplinary charges based on the misdemeanor counts to which the defendants had previously pleaded guilty. The Bar submitted to the Disciplinary Board documentary evidence of the defendants' voluntarily entered guilty pleas, and only a legal issue remainedwhether the misdemeanors to which the defendants had pleaded guilty were "serious crimes" under the Rules of Disciplinary Procedure. See Rule 22(a)(2), Ala. R. Disc. P. ("The record of his or her conviction or a copy thereof certified and authenticated in the manner authorized by law is conclusive evidence of such conviction.... The Disciplinary Board may conduct a hearing to assist it in making [the *792 serious-crime] determination.") (emphasis added); see, e.g., Firman v. Department of State, State Bd. of Medicine, 697 A.2d 291 (Pa.Commw.Ct.1997) (holding that review of guilty plea documents, petition by state, and defendant's answer, without oral argument at a formal hearing, constituted sufficient due process for suspending a registered nurse from her practice based on a prior criminal conviction).
However, the Disciplinary Board ruled that the misdemeanors were serious crimes just 12 days after the Bar filed its "Petition for Determination of Serious Crimes" and before the defendants had a full opportunity to file an answer. See Rule 3(b), Ala. R. Disc. P. (applying Alabama Rules of Civil Procedure to disciplinary proceedings); Rule 12(a), Ala. R. Civ. P. (providing defendants 30 days to answer a complaint). The determination that the misdemeanors were serious crimes required mandatory suspension or disbarment, thus implicating a constitutionally protected property interest. See Ala. R. Disc. P. 22(a) ("The Disciplinary Commission shall disbar or suspend a lawyer ... (2) [i]f the lawyer's conviction for a `serious crime'... has become final...."); Huckaby v. Alabama State Bar, 631 So.2d 855, 857 (Ala. 1993) (stating that the right to practice law in Alabama is "constitutionally protected as a valuable property right"). By failing to afford the defendants a full opportunity to answer the Bar's petition, the Disciplinary Board deprived the defendants of a valuable property interest without due process of law.
With respect to the remaining formal charges that did not relate to the defendants' guilty pleas, it was incumbent on the Bar to show good cause for delaying its prosecution of the remaining charges. See Rule 14, Ala. R. Disc. P.; Noojin v. Alabama State Bar, 577 So.2d 420 (Ala.1990). After the defendants filed guilty pleas to the misdemeanors, the Bar suspended them on the disciplinary charges that related to those crimes; however, the Bar delayed for more than a year in prosecuting the remaining disciplinary charges. The final resolution on appeal of the disciplinary charges related to the defendants' misdemeanor convictions was not a prerequisite necessary to the prosecution of the remaining charges. Further, the Bar has not offered in its brief or at oral argument sufficient justification for its delay in prosecuting the remaining charges. See Noojin, 577 So.2d at 423-25. Consequently, the dismissal of the remaining charges is proper.[7]
HOOPER, C.J., concurs.
HOUSTON, Justice (concurring in part and dissenting in part).
The Alabama Rules of Disciplinary Procedure were promulgated by this Court. If these rules deny due process to lawyers, it is the fault of this Court, not of any agency, commission, or board of the Alabama State Bar. This Court undertook to define a lesser-than-felony "serious crime" in Rule 8(c)(2)(B) and (C), as a crime "involving moral turpitude" or a crime involving "interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft."
Upon petition by general counsel for the State Bar, the Disciplinary Board, acting in accordance with this Court's Rule 22, Ala. R.Disc.P., decided that the three lawyers' conduct involved "serious crime[s]." Because obtaining a signature by deception is one of the crimes that all three of the lawyers pleaded guilty to, it is immaterial whether making a contribution to another person in violation of the Alabama Fair Campaign Practices Act, or falsifying business records, or misapplication of property also would constitute a "serious crime." Is obtaining a signature by deception a serious crime as defined by this Court in Rule 8(c)(2)? Certainly it is!
I must assume that the lawyers were afforded due process in the proceeding in which they pleaded guilty to obtaining a signature *793 by deception. Nothing in this record indicates that they were not. I must conclude that in promulgating the Alabama Rules of Disciplinary Procedure this Court decided that lawyers who found themselves in the situation we have in these cases now before us would have received all the process they were due. Neither the Disciplinary Commission, in following the Alabama Rules of Disciplinary Procedure, nor this Court, in promulgating those Rules, denied the lawyers due process.
MADDOX, Justice (dissenting).
I agree with Justice Houston that the lawyers were not denied due process by the Bar's not holding a hearing to determine whether the misdemeanors they had pleaded guilty to were "serious crimes." I write separately to state that I disagree with the majority's dismissal of the Alabama State Bar's charges now pending against the lawyers. I believe the Bar should at least be afforded an opportunity to explain the reasons for the delay and to address whether the principles of law applied in Noojin v. Alabama State Bar, 577 So.2d 420 (Ala.1990), should apply in this case.
NOTES
[1] The indictment against Roden consisted of 10 counts that alleged theft of property I, a felony in violation of Ala.Code 1975, § 13A-8-3; two counts that alleged theft of property II, a felony in violation of Ala.Code 1975, § 13A-8-4; and two counts that alleged Roden had possession of a forged instrument in violation of Ala.Code 1975, § 13A-8-6. The indictment against Hayes consisted of five counts that alleged theft of property I, one count that alleged theft of property II, and one count that alleged intimidating a witness in violation of Ala.Code 1975, § 13A-10-124. The indictment against Carter consisted of five counts that alleged theft of property I, one count that alleged theft of property II, and one count that alleged intimidating a witness.
[2] Hayes served interrogatories on the Bar and requested a subpoena pursuant to Rule 17(a), Ala.R.Disc.P., to require Poff to appear and give oral and video deposition on matters directly related to the complaint he had filed and the formal charges brought by the Bar. On September 26, 1996, pursuant to the request by Hayes, the Bar issued a subpoena directed to Richard Poff for an oral and videotape deposition. However, at the deposition, lawyers from the Bar's Office of General Counsel objected to the deposition, alleging that no notice was given to the Bar about the deposition being videotaped, despite the fact that the Bar specifically issued the subpoena for an oral and videotaped deposition. Although Robert Brodgen, chairman of the Bar's Disciplinary Board, had stated in a prior hearing that the disciplinary hearings would not be stayed pending the outcome of the criminal cases, which were proceeding concurrently with the Bar's disciplinary proceedings, the assistant general counsel for the Bar made accusations that the deposition was being taken in a bad faith attempt to obtain discovery for the criminal cases and terminated the deposition.
[3] Roden, Hayes, and Carter were given credit for time served under their interim suspensions.
[4] This Court's Noojin opinion dealt with Rule 11, Alabama Rules of Disciplinary Enforcement. That Rule 11, Ala.R.Disc.Enf., read substantially the same as Rule 14, Ala.R.Disc.P.
[5] At oral argument before this Court, in response to questions regarding the Bar's continued delay in proceeding on the remaining formal charges, general counsel for the Bar stated that the Bar had stayed those disciplinary matters pending the outcome of the criminal cases against the attorneys, and that those charges were "pending," but he offered no further explanation for the delay.
[6] The federal Due Process Clause provides:

"No State shall ... deprive any person of life, liberty, or property, without due process of law...."
U.S. Const. amend. XIV § 1.
[7] I am especially concerned that the Rules of Disciplinary Procedure do not preclude the possibility of the serial prosecution of related disciplinary charges that result in cumulative suspensions. See Noojin v. Alabama State Bar, 577 So.2d 420 (Ala.1990) (reversing order suspending a lawyer where the Bar did not prosecute state disciplinary charges until a one-year suspension by a federal court, based on related activity, had almost expired).