WISE, Justice.
On February 17, 2010, a panel of the Disciplinary Board (“the Board”) of the Alabama State Bar (“the Bar”) ordered that Douglas H. Cooner be disbarred from the practice of law. Cooner appealed the Board’s decision to this Court. On October 8, 2010, this Court held that the Board’s order disbarring Cooner did not satisfy the requirements of Rule 4.2, Ala. R. Disc. P., because it did not include findings of fact as to each allegation of misconduct adequate for this Court to conduct a meaningful review to determine whether the Board’s conclusion that Coon-er had violated Rules 1.7(b), 8.4(a), 8.4(c),
and 8.4(g), Ala. R. Prof. Cond., was supported by clear and convincing evidence. Cooner v. Alabama State Bar, 59 So.3d 29 (Ala.2010) (“Cooner I") [1] Accordingly, this Court reversed the Board’s judgment as to those violations, ordered the Board to vacate its order of disbarment as to those violations, and remanded this case for the Board to enter a new order that complied with Rule 4.2, Ala. R. Disc. P. On June 27, 2012, the Board entered its “Report and Order (On Remand)” (“the order on remand”). Cooner then appealed to this Court from that order.

Standard of Review

“‘The standard of review applicable to an appeal from an order of the Disciplinary Board is “that the order will be affirmed unless it is not supported by clear and convincing evidence or misapplies the law to the facts.” Noojin v. Alabama State Bar, 577 So.2d 420, 423 (Ala.1990), citing Hunt v. Disciplinary Board of the Alabama State Bar, 381 So.2d 52 (Ala. 1980).’
“Davis v. Alabama State Bar, 676 So.2d 306, 308 (Ala.1996).”
Cooner I, 59 So.3d at 37.
Discussion
I.
Cooner argues that the order on remand does not comply with this Court’s mandate in Cooner I.[2] In Cooner I, this Court held *3 that the recitation of the evidence in the Board’s original order did not constitute findings of fact as to each allegation of misconduct and that the Board’s order did not contain conclusions of law as to each allegation of misconduct. Thus, we remanded the case for the Board to vacate its February 17, 2010, order of disbarment and to enter a new order that complied with Rule 4.2, Ala. R. Disc. P.
On appeal from the order on remand, Cooner contends that the Board did not vacate its February 17, 2010, order, even though this Court instructed it do so in Cooner I; that the order on remand does not comply with this Court’s mandate in Cooner I because it does not include specific findings of fact as to each allegation of misconduct; that the Board made only “cosmetic changes” in the order on remand; and that the order on remand “still simply recites the testimony and other evidence presented at the hearing.” Cooner’s brief, at p. 16. We agree.
Initially, it does not appear that the Board vacated its February 17, 2010, order as we instructed in Cooner I. In fact, the Board adopted the procedural history set forth in the February 17, 2010, order.
The order on remand contains a section titled “Findings of Fact,” which includes a statement of facts with numbered paragraphs. It also includes a section titled “Conclusions of Law,” in which the Board quoted the specific Rule of Professional Conduct involved in charges IV, IX, X, and XI against Cooner, and found that Cooner was guilty of violating each of those rules.
However, the order on remand does not fully comply with our mandate in Cooner I because the order on remand still does not include specific findings of fact as to each allegation of misconduct. In its brief, the Bar states:
“Construing the Disciplinary Board’s order as a whole, it first references this Court’s opinion of October 8, 2010, and states the Board’s intention to enter a report and order consistent with that opinion. (C. 29) The Board next references the prior order of February 17, 2010, and adopts the ‘PROCEDURAL HISTORY’ section of that order by reference. (C. 29) The next section of the Board’s order is captioned ‘FINDINGS OF FACT,’ which contains 30 separately numbered paragraphs of facts as found by the Disciplinary Board. (C. 29-35) Clearly, a valid construction of this section of the Board’s order is that these separately numbered paragraphs are, indeed, the findings of fact as found by the Board.”
The Bar’s brief, at p. 43 (capitalization in original). However, the “findings of fact” included in the order on remand are nothing more than a general recitation of the evidence presented at the hearing. Additionally, those “findings of fact” are nearly identical to the recitation of evidence this Court previously held was not sufficient to comply with Rule 4.2, Ala. R. Disc. P. See Cooner I, 59 So.3d at 39. Because the *4 order on remand does not include specific findings of fact as to each allegation of misconduct, the order on remand does not comply with either Rule 4.2, Ala. R. Disc. P., or with this Court’s mandate in Cooner I, supra. Accordingly, we must again reverse the Board’s order of disbarment and remand this cause with directions that the Board vacate its February 17, 2010, order of disbarment, vacate its order on remand, and enter a new order that complies with Rule 4.2, Ala. R. Disc. P. See Cooner I, supra.
II.
Cooner also argues that this Court should dismiss the remaining formal charges against him because of the Board’s allegedly “excessive delay and its failure to comply with this Court’s mandate.” Cooner’s brief, at p. 19. Specifically, he contends that the Board’s failure to comply with Rule 4.2, Ala. R. Disc. P., in its February 17, 2010, order frustrated his right to appellate review pursuant to Rule 12(f), Ala. R. Disc. P.; that the Board’s “inordinate, and unexplained delay in attending this Court’s mandate has delayed and consequently further frustrated, Mr. Cooner’s right to appellate review of the Board’s conclusions of guilt”; and that, if this Court concludes that the order on remand still does not comply with Rule 4.2, Ala. R. Disc. P., the allegedly excessive delay in this proceeding will only get worse. Cooner’s brief, at p. 21.[3]
Cooner cites this Court’s decisions in Noojin v. Alabama State Bar, 577 So.2d 420 (Ala.1990), and Hayes v. Alabama State Bar, 719 So.2d 787 (Ala.1998), to support his position that the disciplinary charges against him should be dismissed based on the Board’s delay in entering the order on remand. However, the circumstances in Hayes and Noojin that warranted a dismissal of the disciplinary charges in those cases are vastly different from the circumstances presented here.
In Noojin, Noojin pleaded guilty to a misdemeanor in the United States District Court for the Southern District of Alabama (“the federal district court”). In November 1988, Noojin received a suspended sentence and probation. The conditions of his probation provided that he not engage in the practice of law for a period of one year and that, if a complaint based on the action charged in the federal criminal proceeding or any earlier act was filed with the Bar, Noojin’s response to the complaint would be that he would not oppose a one-year suspension of his law license.
On November 29, 1988, the Mobile Bar Association notified Noojin that there was a complaint against him that arose out of the action that was the basis for the proceedings in the federal district court. Noo-jin filed a written response that was accompanied by a conditional guilty plea. Noojin subsequently contacted the Bar regarding the status of the charges against him. Both individuals he spoke with told Noojin that the matter was still pending in the local committee. On June 29, 1989, Noojin filed a motion to dismiss the proceeding, even though no formal charges had been filed against him at that time. Noojin did not receive a response to his motion. However, on October 24, 1989, Noojin was served with disciplinary charges. After a hearing was conducted, the Board found him guilty of three of the six charges and suspended him from the *5 practice of law for a period of one year. Noojin appealed from the Board’s order suspending him from the practice of law.
Citing Rule 11, Ala. R. Disc. Enf.,[4] for support, Noojin argued on appeal that the Board had violated his due-process and equal-protection rights by delaying or deferring the disciplinary action until after he had completed the probationary period imposed by the federal district court. Noojin, 577 So.2d at 421. This Court stated:
“The real issue ... is whether the provisions of Rule 11 should apply here, that is, whether the Board had ‘good cause’ to defer or delay this disciplinary proceeding because of the pending federal action, knowing that the federal judge had made it a condition of Noo-jin’s probation that he not practice law for at least one year and not oppose a one-year suspension by the Bar.”
Noojin, 577 So.2d at 424. In addressing this issue, this Court stated that, although the Bar had filed the formal charges against Noojin within the six-year period of limitations set forth in Rule 23, Ala. R. Disc. Enf., “special circumstances existed here, which appear to us to call for the application of the provisions of Rule 11.” 577 So.2d at 424. This Court also noted that the Bar’s delay in that case had worked to Noojin’s disadvantage. This Court looked at the fact that Noojin did not receive the formal charges until three or four weeks before the end of his one-year period of suspension that was a condition of his probation; the fact that it appeared that Noojin was contemplating that the Bar would take action against him when he entered his guilty plea in the federal district court and his conditional plea in the local grievance proceeding; the fact that the Bar did not deny that, or explain why, the proceeding was delayed until shortly before Noojin was to complete the one-year suspension that was a condition of his probation in the federal case; and the fact that Noojin had contacted the Bar at the time plea negotiations were being conducted and had inquired as to the status of the grievance proceeding. Ultimately, this Court stated that “the record here is sufficient for us to conclude that the spirit of Rule 11 has been violated and the State Bar has provided no good cause to delay.” 577 So.2d at 424. This Court went on to hold that, even if the disciplinary proceeding by the Bar was not barred, the question still existed as to “whether this Court should exercise its right to review the severity of the punishment in this case in view of all the attendant circumstances.” 577 So.2d at 424. After recognizing this Court’s inherent power to review discipline imposed by the Bar, this Court stated: “After examination of all the facts in this record, we believe that we should exercise our power and overturn the order of suspension in this case, because we believe it to be inappropriate in view of all the facts and circumstances of this case.” 577 So.2d at 425 (emphasis added). Thus, the decision in Noojin appears to have been based on special circumstances that are simply not present in this case.
In Hayes, the Bar filed formal charges against Hayes and two other attorneys on *6 May 15, 1996. Subsequently, the three attorneys were indicted for conduct related to their practice of law. In preparing to answer the Bar’s formal charges against him and the other attorneys, Hayes sought discovery from the Bar regarding the allegations against him and sought to depose Richard Poff, whose complaint to the Bar had initiated the Bar’s investigation of the attorneys. During the deposition, general counsel for the Bar alleged the deposition of Poff “was being taken in a bad faith attempt to obtain discovery for the criminal cases and terminated the deposition.” 719 So.2d at 788 n. 2. On October 28, 1996, the Bar filed a motion with the Board seeking to stay the discovery in the attorneys’ disciplinary proceedings pending the trial in the criminal cases, which the Board granted. On February 14, 1997, the attorneys pleaded guilty to various misdemean- or charges. Subsequently, the Bar filed a petition pursuant to Rule 22(a)(2), Ala. R. Disc. P., and asked the Board to declare the misdemeanors to which the attorneys pleaded guilty “serious crimes,” and the Board granted the petition. The Board later entered an “Order of Final Discipline,” in which it suspended the three attorneys from the practice of law “for having committed ‘serious crimes’ as evidenced by their pleas to the charges in their criminal cases.” 719 So.2d at 789. On July 29, 1997, the attorneys filed motions to dismiss the remaining charges against them, which the Board denied. The attorneys appealed from the Board’s discipline order and also sought a petition for a writ of mandamus ordering the dismissal of the remaining charges pending against them.
Relying on this Court’s holding in Noojin, the attorneys in Hayes argued that the Bar’s delay with regard to the remaining formal charges violated Rule 14, Ala. R. Disc. P., and warranted dismissal of those charges. In addressing this issue, this Court examined the facts to determine whether there was good cause to defer or delay the disciplinary proceedings in that case. This Court stated:
“The Bar asserts that it ‘stayed’ the proceedings on the formal charges based on the attorneys’ alleged attempts to obtain discovery for their criminal cases. Aside from this assertion, the Bar has not attempted to provide a reason for its continued delay in regard to the formal charges against the attorneys.5 Therefore, if we accept the Bar’s only explanation of ‘good cause’ for delay, there remains a period of over a year, from February 14, 1997, to now, during which the Bar has taken no action to proceed on the merits of the formal charges. Under our Noojin analysis, we find that this delay in proceeding on the remaining formal charges is excessive. Therefore, because of the inordinate delay on the part of the Bar in pursuing the remaining formal charges against the attorneys, those charges are dismissed.
“ 5At.oral argument before this Court, in response to questions regarding the Bar’s continued delay in proceeding on the remaining formal charges, general counsel for the Bar stated that the Bar had stayed those disciplinary matters pending the outcome of the criminal cases against the attorneys, and that those charges were ‘pending,’ but he offered no further explanation for the delay.”
719 So.2d at 790-91. Thus, in Hayes, the remaining formal charges this Court ultimately dismissed had been stayed and were still pending at the time this Court held oral arguments. However, in this case, the Board has already conducted a hearing on the formal charges against Cooner and has found Cooner guilty of violating the Rules of Professional Con *7 duct. Thus, the situation in this case is quite different from the situation presented by Hayes.
Additionally, Hayes and Noojin involved situations where the final disposition of the formal charges was stayed or deferred based on separate criminal proceedings. Therefore, those cases involved the application of Rule 14, Ala. R. Disc. P., and its predecessor, Rule 11, Ala. R. Disc. Enf. However, in this case, the Board did not delay or defer its entry of the order on remand based on separate criminal or civil litigation. As Cooner points out in his brief: “[N]o civil or criminal litigation was pending against [him] that might have served as an occasion for the Board to decide that good cause existed for the deferral or abatement of the case.” Coon-er’s brief, at p. 20. Therefore, this case does not implicate Rule 14, Ala. R. Disc. P.
For the above-stated reasons, the facts in our prior decisions in Hayes and Noojin are distinguishable from the facts in this case and do not offer any actual support for Cooner’s argument that the delay in the remand proceedings warrants a dismissal of the charges against him. Additionally, Cooner has not cited any additional authority that supports his specific contention that the delay in entering the order on remand warrants a dismissal of the formal charges against him. Thus, he has not established that he is entitled to the dismissal of the formal charges against him based on the Board’s delay in entering its order on remand.
For the above-stated reasons, we remand this cause -with instructions that the Board vacate its February 17, 2010, order
of disbarment; vacate the order on remand; and enter a new order that complies with Rule 4.2, Ala. R. Disc. P., and with this Court’s prior mandate in Cooner I. The Board shall make due return to this Court at the earliest possible time and within BO days after the date of this opinion.
REMANDED WITH INSTRUCTIONS.
MOORE, C.J., and STUART, BOLIN, PARKER, MURDOCK, MAIN, and BRYAN, JJ., concur.
WISE, Justice.

On Return to Remand

On February 17, 2010, a panel of the Disciplinary Board (“the Board”) of the Alabama State Bar (“the Bar”) ordered that Douglas H. Cooner be disbarred from the practice of law. Cooner appealed the Board’s decision to this Court. On October 8, 2010, this Court held that the Board’s order disbarring Cooner did not satisfy the requirements of Rule 4.2, Ala. R. Disc. P., because it did not include findings of fact as to each allegation of misconduct adequate for this Court to conduct a meaningful review to determine whether the Board’s conclusion that Coon-er had violated Rules 1.7(b), 8.4(a), 8.4(c), and 8.4(g), Ala. R. Prof. Cond., was supported by clear and convincing evidence. Cooner v. Alabama State Bar, 59 So.3d 29 (Ala.2010) (“Cooner I ”).[1] Accordingly, this Court reversed the Board’s judgment as to those violations, ordered the Board to vacate its order of disbarment as to those *8 violations, and remanded this case for the Board to enter a new order that complied with Rule 4.2, Ala. R. Disc. P.
On June 27, 2012, the Board entered its “Report and Order (On Remand)” (“the June 27, 2012, order on remand”). Cooner then appealed to this Court from the June 27, 2012, order on remand. On March 15, 2013, this Court held that the June 27, 2012, order on remand did not comply with either Rule 4.2, Ala. R. Disc. P., or with this Court’s mandate in Cooner I, supra, because it did not include specific findings of fact as to each allegation of misconduct. Cooner v. Alabama State Bar, 145 So.3d 1 (Ala.2013) (“Cooner II ”). Accordingly, we remanded this cause with directions for the Board to vacate its February 17, 2010, order of disbarment and the June 27, 2012, order on remand and to enter a new order that complies with Rule 4.2, Ala. R. Disc. P., and with this Court’s mandate in Cooner I.
On April 15, 2013, the Board submitted to this Court its “Second Report and Order (On Remand)” (“the second order on remand”).

Standard of Review

“ ‘The standard of review applicable to an appeal from an order of the Disciplinary Board is “that the order will be affirmed unless it is not supported by clear and convincing evidence or misapplies the law to the facts.” Noojin v. Alabama State Bar, 577 So.2d 420, 423 (Ala.1990), citing Hunt v. Disciplinary Board of the Alabama State Bar, 381 So.2d 52 (Ala.1980).’
“Davis v. Alabama State Bar, 676 So.2d 306, 308 (Ala.1996).”
Cooner I, 59 So.3d at 37.

Discussion

In the second order on remand, the Board specifically stated that it was vacating all prior orders. Therefore, the Board has complied with our directions that it vacate its February 17, 2010, order of disbarment and the June 27, 2012, order on remand.
In its second order on remand, the Board quoted charges IV, IX, X, and XI from the complaint filed against Cooner. In its findings-of-fact section of the second order on remand, the Board stated:
“Being fully cognizant of the Alabama Supreme Court’s admonition in its Opinions of October 8, 2010 [Cooner I,] and March 15, 2013 [Cooner II], the same Findings of Fact as set forth in the Panel’s June 27, 2012, Report and Order (on Remand) will once again be set forth; however, specifically numbered Findings of Fact shall be connected to and recited as to each Charge in support of the Panel’s Conclusions of Law.”
The Board then recited the evidence in paragraphs 1 through 30 of the findings of fact, which was almost identical to the “Findings of Fact” in the June 27, 2012, order on remand. In its “Conclusions of Law” section in the second order on remand, the Board stated:
“1. Charge IV alleges a violation of Rule 1.7(b) of the Ala. R. Prof. C. as set forth above. This allegation of misconduct is specifically based upon and supported by Findings of Fact 1, 3, I, 5, 8, 9, 10, 11, 12, U, 16, 17, 18, 19, 20, 21, 2k, 25, 26, 27, 28, and 30.
“2. Charge IX alleges a violation of Rule 8.4(a) of the Ala. R. Prof. C. as set forth above. This allegation of misconduct is specifically based upon and supported by Findings of Fact 1, 3, k, 5, 8, 9, 10, 11, 12, Ik, 16, 17, 18, 19, 20, 21, 2k, 25, 26, 27, 28, and 30.
“3. Charge X alleges a violation of Rule 8.4(c) of the Ala. R. Prof. C. as set *9 forth above. This allegation of misconduct is specifically based upon and supported by Findings of Fact 5, 6, 8, 9, 11, 12, U, 15, 18, 19, 20, 21, 21, 25, 26, 27, 28, and 30.
“4. Charge XI alleges a violation of Rule 8.4(g) of the Ala. R. Prof. C. as set forth above. This allegation of misconduct is specifically based upon and supported by Findings of Fact 1 through 30.
“The Panel finds that based upon the Findings of Fact assigned and related to each Charge as set forth above, that there is clear and convincing evidence that Mr. Cooner is guilty of violating each of those Charges of misconduct.”
(Emphasis added.)
In the second order on remand, the Board has once again failed to include specific findings of fact as to each allegation of misconduct. In its conclusions of law, the Board did not include a summary of the specific conduct it found constituted a violation of each Rule of Professional Conduct Cooner was charged with violating, and it did not include any explanation as to why such conduct constituted a violation of the particular rule. Rather, the Board merely cites laundry lists of the various paragraphs included in the “Findings of Fact.” References to paragraph numbers alone do not constitute findings of fact as to each allegation of misconduct. Also, with regard to Charge XI, the Board states that its finding of misconduct is “based upon and supported by Findings of Fact 1 through 30,” which is merely a reference to the entire “Findings of Fact.” Thus, it is clear that the Board is still relying solely on the general recitation of the evidence that is included in the “Findings of Fact” portion of the second order on remand. However, this Court has previously held that that general recitation of facts alone was not sufficient to comply with Rule 4.2, Ala. R. Disc. P. See Cooner I, 59 So.3d at 39; Cooner II, supra.
Accordingly, the Board still has not complied with this Court’s specific mandates in Cooner I and Cooner II. Therefore, we are again compelled to remand this cause with instructions that the Board vacate the second order on remand and enter a new order that complies with Rule 4.2, Ala. R. Disc. P., and with this Court’s prior mandates in Cooner I and Cooner II. The Board shall make due return to this Court at the earliest possible time and within 30 days after the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
STUART, BOLIN, PARKER, MAIN, and BRYAN, JJ., concur.
MOORE, C.J., and MURDOCK, J., dissent.

. The Board also concluded that Cooner had violated Rule 1.8(c), Ala. R. Prof. Cond. On appeal, Cooner conceded that the Board's findings of fact regarding its determination that he had violated Rule 1.8(c) were sufficient for appellate review. Based on that concession, this Court considered Cooner’s argument that the Board erred in finding that he had violated Rule 1.8(c), Ala. R. Prof. Cond.; held that Cooner’s preparation of the trust instrument did not violate Rule 1.8(c), Ala. R. Prof. Cond.; and reversed the Board’s judgment with regard to the violation of Rule 1.8(c), Ala. R. Prof. Cond.

. The Bar argues that Cooner did not preserve this issue for our review because he did not raise this argument before the Board. However,
’’[wjith respect to a trial court’s duty on remand, we have said:
" 'It is well established that on remand the issues decided by an appellate court become the "law of the case,” and that the trial court must comply with the ap *3 pellate court's mandate. Walker v. Carolina Mills Lumber Co., 441 So.2d 980 (Ala.Civ.App.1983). See also Erbe v. Eady, 447 So.2d 778 (Ala.Civ.App.1984). The trial court’s duty is to comply with the mandate "according to its true intent and meaning,” as determined by the directions given by the reviewing court. Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983).’ “Gray v. Reynolds, 553 So.2d 79, 81 (Ala. 1989).” Ex parte King, 821 So.2d 205, 208 (Ala.2001). Similarly, the Board had a duty to comply with this Court's mandate in Cooner I. Because the Board had a duty to comply with this Court's mandate, we will review Cooner’s claim even though he did not first present it to the Board.

. In his reply brief, Cooner makes it clear that he is challenging the delay between this Court's decision in Cooner I and the entry of the order on remand and that he is not arguing that the charges against him should be dismissed based on the delay between the filing of formal charges and the first setting of the hearing.

. Rule 11, Ala. R. Disc. Enf., read substantially the same as does current Rule 14, Ala. R. Disc. P. See Hayes v. Alabama State Bar, 719 So.2d at 790-91 n. 4. Rule 14, Ala. R. Disc. P„ provides:
"Disciplinary proceedings shall not be deferred or abated because of substantial similarity to the material allegations of pending criminal or civil litigation involving the respondent, unless authorized by the Disciplinary Board, in its discretion, for good cause shown.”

. The Board also concluded that Cooner had violated Rule 1.8(c), Ala. R. Prof. Cond. On appeal, Cooner conceded that the Board’s findings of fact regarding its determination that he had violated Rule 1.8(c) were sufficient for appellate review. Based on that concession, this Court considered Cooner’s argument that the Board erred in finding that he had violated Rule 1.8(c), Ala. R. Prof. Cond.; held that Cooner's preparation of the trust instrument did not violate Rule 1.8(c), Ala. R. Prof. Cond.; and reversed the Board’s judgment with regard to the violation of Rule 1.8(c), Ala. R. Prof. Cond.

 Note from the reporter of decisions: On August 23, 2013, on return to second remand, the Supreme Court affirmed, without opinion.