MOORE, Chief Justice
(dissenting).
Because the Alabama Rules of Appellate Procedure do not provide for supplemental briefing on return to remand, I believe that this Court should accommodate Douglas H. Cooner’s attempt to challenge the merits of this Court’s decision affirming his disbarment on return to third remand.

I. Facts and Procedural History ■

In 2010 the Disciplinary Board of the Alabama State Bar (“the Board”) ordered that Cooner be disbarred from the practice of law. On appeal of the disbarment this Court remanded the case three times for the Board to make adequate factual findings and conclusions of law.[1] After the third remand for fuller findings, this Court on August 23, 2013, affirmed, without an opinion, the order of disbarment. Cooner v. Alabama State Bar, 145 So.3d 1 (Ala.2013) (on return to second remand). Cooner did not apply for a rehearing. This Court issued its certificate of judgment on September 10, 2013. On October 16, the clerk of the Supreme Court informed the State Bar that Cooner was disbarred as of September 10.
Meanwhile on September 6, 2013, two weeks after this Court affirmed Cooner’s disbarment and four days before the certificate of judgment issued, Cooner filed with the Board a Rule 59, Ala. R. Civ. P., motion for postjudgment relief. On October 15, the Board denied the motion as *1262 “not authorized or allowed” and, in any event, nonmeritorious. On October 18, Cooner moved this Court in ease no. 1111340 to set aside its September 10, 2013, judgment and allow him to appeal the denial of his Rule 59 motion. On October 24, before this Court ruled on his motion to’set aside the judgment, Cooner appealed the Board’s denial of his Rule 59 motion. The Board moved to strike the appeal as an improper attempt to reopen this Court’s final judgment. On December 20, this Court denied Cooner’s motion to reopen the judgment of September 10.

II. Standard of Review

Whether an appeal is legally permissible is a question of law. “Questions of law are reviewed de novo.” Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).

III. Analysis

Cooner argues that the Board entered proper findings only on the third remand and that he has not had an opportunity to address those findings on the merits before this Court. The Board argues that Cooner could have filed an application for rehearing to seek review of those findings. Alternatively, the Board argues that Coon-er could have moved to supplement his original brief to include argument about the findings made by the Board on third remand.
While both these contentions are true, I cannot fault Cooner for improvising a procedure to address the new findings made on remand. He indeed could have moved this Court for leave to file an updated brief after each remand; he could also have applied for a rehearing after this Court finally disposed of the ease. These suggested remedies, however, are both irregular procedures for addressing error below in the first instance.

A. Rehearing

Rule 40, Ala. R.App. P. (“Applications for Rehearing”), allows “[a] party who has not prevailed” to file an application for rehearing. Surely Cooner should be able to address alleged errors in the decision below before this Court issues its opinion. By having to resort to a rehearing to place his arguments before this Court, Cooner is at a distinct disadvantage. He now has to convince the Court that it was wrong, rather than having to demonstrate only that the tribunal below was wrong. The opportunity to submit a rehearing brief after the fact cannot compare to an opportunity— not provided in the appellate rules — to challenge the findings on return to remand prior to this Court’s making its decision on those findings. Presenting “[a]n argument containing the contentions of the appellant/petitioner with respect to the issues presented,” Rule 28(a)(10), Ala. R.App. P., as the general appellate rule for filing briefs on appeal provides, seems somehow a less daunting task than stating “with particularity the points of law or the facts the applicant believes the court overlooked or misapprehended.” Rule 40(b), Ala. R.App. P. The field of play is unfairly tilted against a party to an appeal when the opportunity to present objections to the ruling below arises only after this Court has affirmed that ruling.

B. Motion to Supplement

A party to an appeal facing newly filed findings on return to remand should not be relegated to moving this Court for leave to file a supplemental brief, a procedure not mentioned in the appellate rules. See Johnson v. State, [Ms. CR-05-1805, Sept. 28, 2007] — So.3d - (Ala.Crim.App. 2007) (granting a motion of the parties to file new briefs on return to remand). The necessity of seeking leave of court to file a supplementary brief when the findings be *1263 low have changed dilutes the statutory right to appeal. Just as the right to file a brief on appeal is absolute, so the right to file a brief on return to remand, when the findings have materially changed, should not require special permission or be subject to discretionary denial. Additionally, having to resort to a special motion not provided for in the appellate rules is more likely to cause counsel, through no fault of counsel’s own and to the detriment of the client, to overlook the possibility of moving for supplementary briefing on return to remand.

C. Cooner’s Remedy

Cooner sought to fill the lacuna in the appellate rules by moving this Court to vacate its judgment and allow him to file a Rule 59 postjudgment motion before the Board to address the merits of the Board’s findings approved on the third return to remand. Although this novel tactic failed, he filed the motion anyway. He now appeals its denial. I cannot fault Cooner for attempting to invent a remedy to a problem that inheres in the lack of any provision in the appellate rules for supplemental briefing on return to remand. The burden should not be on a party to an appeal to invent a procedural work-around to fill a gap in the appellate rules.
Ordinarily, when this Court or. one of the other appellate courts remands a case and does not ask for a return, the parties may appeal any judgment entered on remand by filing a new notice of appeal. Upon the filing of a return to remand, however, jurisdiction automatically returns to this Court. The parties do not have to initiate a new appeal. The downside of this procedure, however, is that the appellate rules do not provide for supplemental briefing to address new findings made on remand. Therein arises Cooner’s puzzlement and his understandable attempt to improvise a solution.

IV. Conclusion

For the reasons stated above, I would not dismiss Cooner’s appeal. Instead, I would ex mero motu vacate this Court’s judgment of September 10, 2013, and invoke Rule 2(b), Ala. RApp. P., to suspend the rules and grant the parties the opportunity to submit briefs to this Court on the merits of the Board’s order on return to third remand.[2] As a logical consequence, I would also stay Cooner’s disbarment pending the resolution of the reinstated appeal.

. On Cooner's original appeal, this Court reversed the Board’s order and remanded for fuller findings and specifically left open the option for Cooner to seek postjudgment relief pursuant to Rule 3(b), Ala. R. Disc. P., and Rule 59, Ala. R. Civ. P. Cooner v. Alabama State Bar, 59 So.3d 29, 41 (Ala.2010). In its decision on appeal following the first reversal and remand, this Court again remanded with instructions to the Board to make a return within 30 days. Cooner v. Alabama State Bar, 145 So.3d 1 (Ala.2013). On Cooner’s appeal from that remand, this Court again remanded for fuller findings and ordered a return within 30 days. Cooner v. Alabama. State Bar, 145 So.3d 1 (Ala.2013) (opinion on return to remand).

. The Court may want to consider amending the Alabama Rules of Appellate Procedure to provide for supplemental briefing on return to remand.